### DUNCAN ET AL. VS. CLEMENTS.

To an action upon a promissory note, the defendant pleaded that it was given for the purchase money of a tract of land; and that, by agreement, a deed was to be made for the land, on payment of the note, averring that the payee had not made or offered to make such deed: upon demurrer, *held*, that the contract, or agreement, set out in the plea, must be taken to be an obligatory one, and being within the statute of frauds, and not averred to be in parol, must be intended, against the pleader, to be in writing, and it ought to have been so alleged with profert.

Such plea, as it impeaches the consideration, in the allegation that the party had failed to make the deed, should be sworn to.

*Writ of Error to Clark Circuit Court.*

Hon. THOMAS HUBBARD, Circuit Judge.

FLANAGIN, for the plaintiffs. The only point in this case is, whether the demurrer should have been sustained to the amended plea. The question is decided, that the plea is good, by this court, in *Smith vs. Henry*, 2 *Eng.* 207.

CUMMINS, for defendant. Where a party pleads a contract required by the statute of frauds to be in writing, the presumption is that it is so, and the party is bound so to plead it and make profert. 1 *Ch. Pl.* 566, 254, 332; and the omission of profert is cause of demurrer. *Sec.* 66, *ch.* 126, *Rev. Stat.;* 1 *Ch. Pl.* 464, 465; 3 *Ark.* 339, 478, 592; 6 *ib.* 402, 529.

Mr. Justice SCOTT delivered the opinion of the court.

This was an action of assumpsit upon a promissory note. The defendants pleaded in an amended plea, "that the said promissory note in writing, was given in consideration of the purchase

by the defendant of a tract of land described, which was the property of the said Josephine, then Josephine Buckner: and he avers, that by agreement, a deed was to be made upon the payment of the said promissory note; and he avers that the said Josephine, while single, did not, nor has she and the said Robert, since their marriage, made or offered to make deed for said land to this defendant, and this he is ready to verify," &c.

The plea was not verified by affidavit.

The plaintiffs first moved to strike it out, which the court overruled. They then demurred to it, and assigned for cause:

1st. That it does not set forth and state the terms of the alleged contract of sale, or make profert of such contract, so as to enable the court to pass upon the true construction thereof.

2d. It does not show any bar or defence to the action.

3d. It is uncertain and insufficient in other respects.

The court sustained the demurrer, and the defendants saying nothing further, the court rendered final judgment for the plaintiffs, and the defendants brought error, and assign here, only the ruling of the court upon the demurrer, as error. The single question raised then, is as to the sufficiency of the plea.

The contract set up in the plea, must, of course, be taken to be an obligatory one, and, as it is not averred to be in parol, and is within the statute of frauds, it will be intended against the pleader to have been in writing.

At common law, a contract, not under seal, but within the statute of frauds, was not required to be declared upon, as in writing. Because, although in writing, the action was not considered as *based* upon a *written contract*, but upon a mere parol one, of which the writing was but evidence. And it is not necessary in pleading, to state that which is merely matter of evidence. *Tucker's Pleading* 168, 174. Or, as expressed by Mr. GOULD: "The writing required by the statute, is not regarded as an *instrument creating* the right asserted in the declaration; but as a mere evidence of a parol contract." *Gould's Plead.*, *ch.* 4, *sec.* 43, *p.* 191. "But, (proceeds the same author,) if any agree-

ment within the statute of *frauds*, be pleaded *in bar* of an action, the plea, it is held, must show that the agreement, or some note or memorandum of it, is in writing." *Ib. sec.* 46. Because, as the plea confesses the cause of action alleged in the declaration, it can only avoid it by a substituted claim, which is, itself, shown to be such as will support an action. *Ib. sec.* 41.

So, at the common law, a *profert* is required of no other instrument than deeds. These being the only private writings, which, by the original principles of the common law, are considered as *instruments*, on which an action or defence can be *directly founded*. And, consequently, he who pleads a writing not under seal, is not bound to make profert of it. For, written contracts, not under seal, are regarded by the common law, not as instruments on which actions are founded, but merely as *simple* contracts, or as evidence of parol contracts. *Ib. part* 2, *chap.* 8, *sec.* 39, *p.* 440.

Our statute, however, has obliterated this distinction as to sealed and unsealed written contracts, by raising the latter to the dignity of the former, and placing them both upon a basis of perfect equality, for all the purposes of maintaining an action, or making a defence upon them, by the several provisions:

1st. *Enacting* that, "When any declaration, petition, statement or other pleading, shall be founded upon any instrument or note in writing, whether the same be under seal or not, charged to have been executed by the other party, and not alleged therein to be lost or destroyed, such instrument shall be received in evidence, unless the party charged with having executed the same, deny the execution of such writing by plea, supported by the affidavit of the party pleading; which affidavit shall be filed with the plea." *Digest, chap.* 126, *p.* 812, *sec.* 103.

2d. *Enacting* that, "In all suits, founded upon any *instrument* or note in writing, under the seal of the person charged therewith, the defendant may, by special plea, impeach, or go into the consideration of such writing in the same manner as if such writing had not been sealed." *Ib. sec.* 75.

19c

And, 3d. By the enactment that, "An action at law may be maintained on any instrument of writing, whether under seal or not, notwithstanding it may be lost or destroyed; and in every such action, no profert of such instrument, shall be required," &c.

The consequence is, that under our law, an action or defence, when setting up an unsealed written contract, is as much "directly founded" upon such unsealed contract as it would be upon a sealed contract, if setting that up. And, therefore, with us, a written unsealed contract is to be regarded as an instrument *creating the right* asserted in the declaration, or set up in the plea, in the same sense that the sealed contract is, and was so considered at the common law. Hence, our practice, long ago established, of requiring profert of unsealed written contracts, when counted upon, or when set up in a plea, precisely as profert would be required of a sealed contract.

Nor is profert, in such cases, an idle ceremony; because, what such a contract means, is a question of law. It is the court, therefore, that determines its construction, and gives it to the jury as matter of law. *2 Parsons on Cont.* 4.

"The construction of all written instruments belongs to the court alone, whose duty it is to construe all such instruments, as soon as the true meaning of the words, in which they are couched, and the surrounding circumstances, if any, have been ascertained as facts by the jury; and it is the duty of the jury to take the construction from the court, either absolutely, if there be no words to be construed as words of art, as phrases used in commerce, and no surrounding circumstances to be ascertained; or, conditionally, when those words or circumstances are necessarily referred to them. Unless this were so, there would be no certainty in the law; for a misconstruction by the *court* is the proper subject, by means of a bill of exceptions, of redress in a court of error, but a misconstruction by the *jury*, cannot be set right at all, effectually. Per PARKE. B., in *Nelson vs. Hartford*, 8 *M. & W.* 806, 823.

Such a contract, then, ought to be alleged as in writing, with

profert, that the court may have a view of it, pass upon its effect, and determine whether it furnishes the defence claimed for it.

The case of *Smith vs. Henry*, 2 *Eng. Rep.* 207, does not conflict with these views, because, in that case, the plea *expressly* set up a *parol* contract, under which, by intendment, the defendant was in the possession of the lots purchased, and the court, proceeding to construe that parol contract, held, that as "the promise to execute the deed was *not in writing*, that most clearly showed that it was the intention of the parties that the deed should be executed at the same time the money should be paid." *Ib. p.* 213.

We think the court erred in refusing to grant the motion to strike out the plea, because, according to the matter therein set up, the consideration of the note sued on, was *two-fold*. That is to say, *one*, the sale and purchase of the land, which was executed; and the *other*, the agreement to make title to it, upon the payment of the note, which was *executory;* and the plea alleged a failure as to the latter. Hence, *quoad* the latter, the plea impeached the consideration of the note.

Such a plea, under the provisions of our statute, must be verified by affidavit. *Digest, chap.* 126, *sec.* 76, *p.* 808. Of this error, however, the plaintiffs in error cannot avail themselves, because, not to their injury. But there was no error in sustaining the demurrer.

The judgment must, therefore, be affirmed.