## ANTHONY vs. HUNT.

EVIDENCE: *Statute of frauds, etc.*

  The defendant, for the purpose of defeating an action for rent, attempted to introduce evidence of a parol cont act to purchase an interest in the land, rented and an entry thereunder ; Held, that the evidence was properly

excluded, the contract was within the statute of frauds, and the fact that possession was taken under it did not alter the case; such part performance can only be shown as a license for the entry, and where no title is attempted to be set up.

APPEAL from *Ashley* Circuit Court.

Hon. T. F. SORRELLS, Circuit Judge.

*Appellant, per se.*

*McCain,* for appellee.

HARRISON, J.:

Hunt sued Anthony for the rent of three hundred acres of land, for the year 1874.

Anthony denied the renting, and claimed to have entered on and occupied the land under a contract for the purchase of an undivided interest in it.

· On the trial, Hunt, the plaintiff, testified that about the last of December, 1873, he, by a verbal agreement, contracted to sell Anthony and one Harris, an undivided two-thirds part of the land, and they shortly thereafter moved on it. On the 3d of April, 1874 the contract of sale was rescinded, and another contract was made with them, by which they agreed to lease the land for that year, at the customary, but no stipulated rent. The rent was worth, he said, six dollars an acre.

Anthony testified that he and Harris severally, contracted with the plaintiff, to purchase each an undivided third part of the land, and it was also at the same time agreed between the plaintiff, Harris, and himself, to cultivate the land in partnership, and that under his contract for the purchase, he went on it about the first of January, 1874, The partnership, on account of the plaintiff's want of means, was not, however, carried out. He, Anthony, and Harris, cultivated separate parts of the land, and their interests were several and distinct. Learning, about the month of September, that the plaintiff could not make a title to

Anthony vs. Hunt.

the land he repudiated the contract; but remained in possession until the end of the year. He did not lease or rent the land, and his entry on and occupancy of it, were under his contract of purchase· The agreement for the purchase was merely verbal, and not in writing.

The court, at the instance of the plaintiff, excluded from the jury all the defendant's testimony relating to his purchase of an interest in the land.

The jury returned a verdict for the plaintiff for $1,500. The defendant moved for a new trial, which was refused, and he excepted and appealed.

The exclusion from the jury of the defendant's testimony in relation to the purchase of the land, was assigned as cause for a new trial.

If such a testimony had been merely in rebuttal of what the plaintiff said in regard to the purchase, and that had been material to the issue, its exclusion would have been improper. The plaintiffs action, however, was on the lease and the defendant's promise to pay rent. The defendant, to defeat the action, claimed to have occupied the land as a vendee, and not as a tenant, and to establish such fact, atttempted to prove a parol contract of purchase of an interest in it. But this he was prohibited from doing by the statute of frauds. Sec. 2951, Gantt's Digest. The fact that possession was taken under the alleged contract did not alter the case, so that such parol evidence might have been admitted, because such part performance can only be shown in equity, or at law, as a license for the entry, and where no title is attempted to be set up.

The evidence was rightly excluded, and the judgment is affirmed.