## SALYERS v. LEGATE.

### Opinion delivered February 21, 1910.

1. STATUTE OF FRAUDS—AGREEMENT FOR PARTY WALL.—Where defendant joined the wall of his building to the wall of plaintiffs' building, under an oral agreement to pay plaintiffs one-half of the cost of their wall, he could not defend an action for one-half of the cost of the wall upon the ground that the contract was within the statute of frauds; performance of the contract having taken it without the statute. (Page 607.)

2. PARTY WALL—EFFECT OF AGREEMENT.—Where defendant joined the wall of his building to the wall of plaintiffs already erected under an agreement to pay half the cost of plaintiffs' wall, a party wall was created by the agreement. (Page 608.)

3. SAME—AGREEMENT—DEFENSE TO ACTION FOR PRICE.—Where defendant joined the wall of his building to wall of plaintiffs under agreement to pay one-half of the cost of such wall, the fact that plaintiffs' building is mortgaged will be no defense to an action to recover the amount so agreed to be paid. (Page 608.)

Appeal from Polk Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*Pole McPhetrige* and *J. I. Alley,* for appellant.

1. This was not a party wall, nor an agreement, nor a sale for a party wall. Tiedeman on Real Property, 620; 54 Ark. 519; 78 Ark. 65; 22 Am. & E. Enc. Law, 237.

2. If it was, it comes within the statute of frauds. Kirby's Digest, § 3654; 49 Ark. 503; 54 Ark. 519.

3. There was no such part performance as to take the agreement out of the statute. 22 A. & E. Enc. Law, 250.

4. There was a mortgage lien on the lot which was not disclosed at the time of the agreement.

*Elmer J. Lundy,* for appellee.

1. The mortgage cuts no figure in this case.

2. The chancellor found that the contract was for a party wall, and his finding is supported by the evidence.

3. Performance of a contract takes it out of the statute of frauds.

McCULLOCH, C. J. Plaintiffs, George and Henry Legate, owned a lot in the city of Mena, Polk County, Arkansas, described as lot one of block sixty-one of the original townsite of Mena; and the defendant, Salyers, owned an adjoining lot

described as lot two in said block. Plaintiffs were engaged in the livery business, and in the year 1906 they erected .on their said lot a livery barn or stable, the walls of which were made of cement blocks. Plaintiffs intended to put the wall of the building out to the boundary line of their lot on the side next to defendant's lot, but it was afterwards found that the wall failed to precisely follow the line. At the east end, the edge of the foundation underground is on the line, and the wall proper drops back about an inch inside the line on plantiff's side of the lot; but at the west end the wall is eight or ten inches back from the line of plaintiffs' lot. The whole of the wall is therefore on plaintiffs' lot, and most of it is a few inches back from the line.

It is alleged by the plaintiffs that in January or ·February, 1908, after the completion of their said building, defendant, desiring to erect a building on his own lot, entered into an agreement with them to the effect that they were to allow him, in erecting his building, to join to the wall of plaintiffs' building so as to use the wall as a part of his own building, and that in consideration he, defendant, would pay plaintiffs one-half the original cost of the said wall. They alleged that pursuant to said agreement defendant proceeded to erect his building, and in doing so joined to their wall, and entered upon and occupied a strip of their land, but that he has refused to pay one-half of the cost of the wall as agreed. They instituted this action to recover the amount alleged to be due, and offered in their complaint to execute a deed or written agreement granting to defendant the right to use said wall in accordance with the terms of said oral agreement.

Defendant answered, presenting an issue as to the allegations of the complaint. The chancellor heard the case on the pleadings and oral testimony, and rendered a decree in favor of plaintiffs for the amount sued for, and directed plaintiffs to "execute and deliver to the defendant a good and sufficient deed conveying to the defendant a one-half interest in that portion of the wall and foundation used by defendant as long as the same shall stand." Defendant appealed from the decree.

The evidence sustains the finding of the chancellor that the wall in question is situated wholly on plaintiffs' lot, and that de-

fendant entered into an agreement to join to it in the construction of his building and use it as a part thereof, and to pay to plaintiffs one-half the cost of said wall. Defendant denies that he agreed to use plaintiffs' wall or to pay a part of the cost. He admits that before he began the construction of the building he had a conversation with plaintiffs in which they proposed to let him use the wall if he would pay one-half of its original cost, but he says that afterwards he found that the wall was defective, and could not be used with safety in the construction of his building. He built his side walls up to plaintiffs' wall, and joined it with mortar, but did not cut into the wall, or tie his wall onto it except with the mortar joints. He put the tin roof close to the wall and supported it with posts, but did not actually join it to the wall.

Defendant's conduct is nothing short of an ingenious attempt to make use of plaintiffs' wall without paying for it, and he now attempts to evade liability by pleading the statute of frauds. According to the testimony accredited by the chancellor, he agreed to use the wall and pay for it. In order do so, he invaded plaintiffs' premises, with their permission, by making use of the strip of land between the wall and the boundary line of the lot. Unfortunately for his contention, this amounted to performance of the contract, which took the case out of the statute of frauds and gave plaintiffs a right of action for the agreed price. *Walker* v. *Shackelford,* 49 Ark. 503; *Rudisill* v. *Cross,* 54 Ark. 519. It is unimportant that the wall was not built as a party wall. It became a party wall by force of this agreement (*Dorsey* v. *Habersack,* 84 Md. 117), and its use as such by defendant took the agreement out of the operation of the statute.

The evidence shows that there is a mortgage on plaintiffs' lot; but this does not absolve defendant from his obligation to pay one-half of the cost of the wall. He has enjoyed the rights acquired under the contract, and must pay according to his obligation. A different question might be presented if the premises were sold under the mortgage; but defendant cannot plead an outstanding mortgage lien in bar of plaintiffs' right to recover on the contract.

Decree affirmed.