TATUM v. BOLDING.

Opinion delivered October 10, 1910.

SPECIFIC PERFORMANCE—PAROL AGREEMENT.—A parol agreement by A to advance money for B to buy land and to take the title to the land to A as security will not be specifically enforced in equity, in the absence of clear and satisfactory proof of such agreement, even though there was sufficient possession by B to take the case out of the statute of frauds.

Appeal from Union Chancery Court; *J. M. Barker,* Chancellor; reversed.

*Marsh & Flenniken,* for appellants.

The testimony does not support the findings of the chancellor. It should be "full, clear and conclusive."

Appellees' possession was merely incidental to their logging contract with Tatum, and was not sufficient to take this case out of the statute of frauds. 31 Ark. 481.

Where one purchases land with his own money, no contemporaneous or subsequent parol declaration of a trust can affect the title. 42 Ark. 503. It is void within the statute of frauds. 42 Ark. 481. An express trust in land cannot rest in parol. 67 Ark. 526.

*J. H. Green* and *J. B. Moore,* for appellees.

1. The evidence sustains the decree, and meets the requirements of the law as laid down by this court in 44 Ark. 334.

2. The evidence of appellees' possession and improvements made is clear and convincing, and possession alone, under a verbal contract of sale, will support a suit for specific performance. 44 Ark. 334.

McCULLOCH, C. J.   C. W. Mumford, of Union County, Arkansas, owned a quarter section of timber land in that county, and on October 14, 1902, conveyed it for a consideration of $550 to appellant, B. F. Tatum, who was engaged in buying logs for the Bayou Sara Lumber Company, a Louisiana corporation. Tatum sold and conveyed the land to the Ouachita Lumber Company on July 17, 1906, and in November, 1906, appellees, J. O. Bolding and W. W. Bolding, instituted the present action in the chancery court of Union County against Tatum and the Ouachita Lumber Company, and an agent of the latter, alleging that they (appellees) purchased the land from Mumford and caused the conveyance to be made to Tatum upon the latter's oral agreement to advance the purchase price for them and hold the title as security for the loan, which was to be repaid by the delivery of logs at a stipulated price; that they had repaid the purchase price to Tatum by delivery of the logs, and that the latter, in violation of his alleged agreement, had refused to convey the land to them, and had sold it to the Ouachita Lumber Company. Appellants denied that appellees purchased the land, or that Tatum had agreed to convey it to them, and also denied that the Ouachita Lumber Company had any notice of appellee's claim. The chancery court found in favor of appellees, and rendered a decree accordingly, directing the conveyance of the land to them.

Mumford offered the land for sale, and also a wagon and team. Appellees purchased and paid for the wagon and team, which was delivered to them. Tatum paid for the land, and it was conveyed to him by Mumford; but appellees testified that they were the purchasers, and that, being unable to pay for the land and the wagon and team, Tatum had agreed to advance the money for them and hold title to the land as security. This is disputed by Tatum, who testified that he purchased the land for himself and paid for it, in order to get the timber.

Appellees moved on the land in July, 1903, and built two small houses, dug a well and fenced a few acres of it. They cut a considerable quantity of timber during two logging seasons, and delivered same to Tatum, who paid them at the rate of five dollars per thousand feet. They claim that, in addition to that, they were to be credited with one dollar per thousand feet on the purchase price of the land. Tatum testified that he authorized them to cut the timber for him, and paid them the customary market price for such timber, after deducting the price of stumpage, which was equivalent to selling them the standing timber and buying back the logs when cut.

At the time the testimony in the case was taken, one of the houses erected by appellees had fallen down, and the other was in a dilapidated condition. Appellees occupied the land only during the two logging seasons while they were cutting timber, and never cultivated any of it. According to a preponderance of the testimony, the two houses were mere "shacks," built for temporary occupancy, and the lot fenced in by appellees was a corral for the stock used in logging. Each side introduced testimony in corroboration of their respective contentions, and it is difficult to determine which side preponderates. But a mere preponderance of the testimony in favor of appellees is not sufficient to sustain a decree in their favor. Conceding that the temporary possession by appellees was sufficient to take the alleged parol agreement of Tatum out of the operation of the statute of frauds, a court of equity should require clear and satisfactory proof of such agreement before enforcing it by decreeing a conveyance of the land. *Tillar* v. *Henry,* 75 Ark. 446; *Mason* v. *Harkins,* 82 Ark. 569.

The state of the proof in the present case does not meet that requirement. There is a sharp conflict in the testimony which, as already stated, is about evenly balanced; and no circumstances are established which corroborate appellees in their claim. They have not paid a cent of the purchase price, except, as they claim, by delivering logs to Tatum; and that is consistent with the latter's equally plausible explanation that he paid them the price of the logs after deducting the price of his stumpage. Their possession of the land for a time was not of such a character as to indicate a claim of ownership, any more than it indicated merely a temporary occupancy while they were cutting the timber, as contended by appellants. Every circumstance in the case is perfectly consistent with Tatum's contention that he purchased the land for himself; and since the conveyance was to him, the proof should be clear and satisfactory that it was not what it purported to be, an absolute conveyance of the land. It is true that the deed was to Tatum as "agent," but all parties agree that he was agent for the Bayou Sara Lumber Company, and had the deed thus made because he used the funds of his principal in making the purchase.

In addition to this, the proof is far from satisfactory that the Ouachita Lumber Company had any notice whatever of appellee's claim when it purchased the land from Tatum. There is not even a preponderance of the evidence in their favor on that issue.

We are therefore of the opinion that the evidence does not sustain the finding of the chancellor. So the decree is reversed, and the cause remanded with directions to dismiss the complaint for want of equity.