BONNER v. KIMBALL-LACY LUMBER COMPANY.

Opinion delivered July 13, 1914.

1. TRUSTS—CONSTRUCTIVE TRUSTS—HOW RAISED.—Defendant agreed to furnish the purchase price of certain timber land, that title should be taken in plaintiff's name, defendant taking a mortgage

for security. *Held,* when defendant took title in its own name, no trust *ex maleficio* was raised in favor of plaintiff.

2.  STATUTE OF FRAUDS—CONTRACT TO BE PERFORMED WITHIN A YEAR.—A contract to purchase timber land, plaintiff to take title, and defendant to advance the purchase price, and take a mortgage as security, is not within the statute of frauds.

3.  SPECIFIC PERFORMANCE—TIMBER CONTRACT.—Defendant agreed with plaintiff to furnish the purchase price for certain timber land, the title to be taken by plaintiff and a mortgage given defendant as security; plaintiff entered and cut timber, and delivered same to defendant under the agreement. *Held,* although defendant wrongfully took title in his own name, plaintiff was entitled to a specific performance of the contract, having partly performed the same.

Appeal from Arkansas ·Chancery Court; *John M. Elliott,* Chancellor; reversed.

Appellant sued ·appellee, and alleged that appellee was a corporation engaged in buying and selling timber; that on the 7th day of March, 1910, appellant purchased of one Dave Moody certain timber lands in Arkansas County, and appellee agreed to advance the purchase money, same being $3,500; that the deed was to be made from the said Dave Moody to appellant, and appellant agreed to give appellee a mortgage on said land for the purpose of securing it in advancing the purchase money; that in accordance with said agreement appellant executed and delivered to appellee his certain promissory note and mortgage signed by himself and wife for the sum of $3,500; that appellee, without right or authority or knowledge of appellant, took the deed to said lands from Moody to itself; that when appellant learned that it had without authority taken title to the lands in itself, he requested appellee to execute a deed to the land to him and it refused so to do; that after the agreement appellant took possession of the land and cut the timber off of it and delivered the same to appellee, for which appellee had agreed to give him credit; that he delivered the timber from said land, and from other lands in Arkansas County, to appellee of the agreed value of $3,332.75 and appellant tenders the balance of $167.28, and he also

tenders a note for the unpaid purchase money, secured by a mortgage on the land in controversy, and he prayed the court by proper order and decree to compel appellee to execute to him a deed for the lands purchased from Moody.

Appellee demurred to the complaint because the agreement referred to was not in writing and was not to be performed within one year from its date; and because it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and appellant declined to plead further, and his cause of action was dismissed, and he has prosecuted this appeal.

*Rasco & Botts,* for appellant.

1. Appellee holds the title as trustee *ex maleficio.* Pom. Eq. Jur. 39 L. R. A. (N. S.) 923; 91 Ala. 166; 3 Story, 181; 7 Fed. Cas. 266.

2. Part performance takes the case out of the statute of frauds. 36 Cyc. 654; 83 Ark. 403; *Ib.* 340; 76 *Id.* 363; 78 *Id.* 150; 21 *Id.* 137; 1 Ark. 418; 30 *Id.* 262.

3. The statute of frauds must be pleaded by answer. Bliss on Code Pl. 353; 96 Ark. 189.

4. The alleged agreement contains a contingency which may be performed within one year. 91 Ark. 153; 54 *Id.* 199; 56 *Id.* 632.

5. The demurrer was not proper and should have been overruled. 52 Ark. 378. The complaint stated a cause of action, but, if not, the cause should have been transferred to the law court. 108 Ark. 283; 34 *Id.* 70; Kirby's Dig., § 5991; 85 Ark. 208; 73 *Id.* 462; 74 *Id.* 484; 82 *Id.* 51; 85 *Id.* 208; 51 Ark. 259. It was error to dismiss.

6. Appellant was entitled to specific performance or reimbursement. 42 Am. Dec. 521; 35 Am. Dec. 403.

7. No misjoinder of parties. Kirby's Dig., § 6011.

*F. M. Rogers,* for appellee.

Smith, J., (after stating the facts). Appellant argues that the facts alleged in his complaint are sufficient to create a trust *ex maleficio;* but we do not agree with

him. In the case of *Bragg* v. *Hartney,* 92 Ark. 55, the following language was quoted with approval from Pomeroy's Equity Jurisprudence, page 2033:

(1) "In general, whenever the legal title to property, real or personal, has been obtained through actual fraud, misrepresentations, concealments, or through undue influence, duress, taking advantage of one's weakness or necessities, or through any other similar means or under any other similar circumstances, which render it unconscientious for the holder of the legal title to retain and enjoy the beneficial interest, equity impresses a constructive trust on the property thus acquired in favor of the one who is truly and equitably entitled to the same, although he may never perhaps have had any legal estate therein; and a court of equity has jurisdiction to reach the property, either in the hands of the original wrongdoer or in the hands of any subsequent holder, until a purchaser of it in good faith and without notice acquires a higher right, and takes the property relieved from the trust. The forms and varieties of these trusts, which are termed *ex maleficio,* or *ex delicto,* are practically without limit. The principle is applied wherever it is necessary for the obtaining of complete justice, although the law may also give the remedy of damages against the wrong-doer."

There is no allegation here of any agreement on the part of appellee to take the title to the land in himself for the benefit of appellant, or to reconvey to him when it had been so taken; but the allegation of the complaint is that appellee contracted to acquire the title for appellant, and in his name.

(2) The ground of demurrer that the contract was not to be performed within a year, and that therefore the contract was within the statute of frauds, was not well taken, because the contract was one which might have been enforced within the year and such contracts are not within the statute of frauds. *Friedman* v. *Schleuter,* 105 Ark. 580.

(3)   We think the facts stated in the complaint, which we have recited, are sufficient to entitle appellant to a specific performance of his agreement with appellee, and that he is entitled to have this relief granted him rather than to have appellee declared a trustee *ex maleficio*. The rule in regard to specific performance of parol contracts is that the mere payment of money is not such part performance as will take the case out of the statute of frauds, because the remedy at law is adequate for its recovery, and such payments do not work an irrevocable change of position. *Fred* v. *Asbury,* 105 Ark. 499. But, under the allegations of the complaint here, there was not only a payment of the consideration, but there was an entry upon the land and the performance of the contract by cutting, selling and delivering to appellee the timber standing thereon.   Appellant has performed his contract fully, except the payment of a small balance of the purchase money which he tenders with his complaint; and he also tendered a note for the unpaid purchase money and a mortgage on the land, and, under these circumstances, his right to the relief prayed for can not be defeated because his original contract was within the terms of the statute of frauds.   In the case of *Robinson* v. *Wynne,* 97 Ark. 366, G. owned timber and had contracted to sell it to B. for an agreed price.   C., acting upon B.'s authority and direction, entered upon the land and cut and removed the timber and the statute of frauds was there pleaded by B. against G., who sued to charge him with the contract price of the timber, but it was held that the statute was satisfied by the delivery of the timber to C., and the agreement of B. to pay the price.   We think there has been such performance of the contract here as to take the case out of the statute of frauds. *Salyers* v. *Legate,* 93 Ark. 606; *Lee* v. *Foushee,* 91 Ark. 468.

It will be observed that the facts in this case are very similar to those in the case of *Tatum* v. *Bolding,* 96 Ark. 98, but a specific performance of the contract there sued on was refused because of the failure of proof.

No such difficulty arises here, as this case was disposed of on demurrer.

In the case of *Phillips* v. *Jones,* 103 Ark. 556, it was said: "A court of equity can not make a contract for parties and then decree its specific performance, in order to carry out its notion of what the abstract justice and right of the case as disclosed by the proof demands. The court will only decree specific performance when the contract itself is clearly established by a preponderance of the evidence." But here the court is not making a contract for these parties. It is merely ordering the enforcement of one made by the parties themselves. The agreement was that appellant should have the title to this land when he had sold and delivered appellee the timber thereon and had paid any balance of the purchase money which might then remain unpaid, or had executed a valid mortgage therefor, and appellant entered upon the land and commenced performance of his contract and has now substantially complied with it, and his right to a specific performance of this contract entitles him to a deed to the land. Appellee's undertaking was to procure this deed for appellant and that undertaking will be performed when appellee has delivered to appellant its deed conveying the land.

For error in sustaining the demurrer, the decree will be reversed and the cause remanded, with directions to overrule the demurrer.

KIRBY, J., dissents.