## CARNAHAN *v.* TERRALL BROTHERS.

Opinion delivered February 10, 1919.

1. FRAUD, STATUTE OF—STANDING TIMBER.—A contract for the sale of standing timber is within the statute of frauds, and must be evidenced by a contract in writing.

2. SAME — PART PERFORMANCE.—The doctrine of part performance applicable to oral contracts for the sale of land applies with equal force to an oral contract for the sale of standing timber.

3. SAME — PART PERFORMANCE.—Where the owner of growing catalpa trees growing on 30,000 acres of land sold the same to the plaintiffs for posts, but the latter did not know the boundaries of the land, nor the parts thereof where the timber was growing, the vendor furnishing a man to show where the timber was situated, the purchasers did not have the exclusive, open and visible possession of the land on which the timber was situated to constitute part performance.

Appeal from Lonoke Circuit Court; *Thomas C. Trimble,* Judge; reversed.

### STATEMENT OF FACTS.

Terrall Brothers brought suit against R. Carnahan to recover damages for an alleged breach of contract in the sale of certain timber. The material facts are as follows:

Charles Terrall and George Terrall, residents of Lonoke County, Arkansas, formed a partnership called Terrall Brothers. About the first of September, 1916, they entered into a verbal contract with the representative of the Geridge Lumber Company for the purchase of the catalpa timber on its land. They agreed to pay three cents for the small posts, and the company was to furnish thirty large posts with every car of small posts. The timber was to be paid for as each car load of posts was cut and removed from the land. A corporation of which R. Carnahan was the representative had a mortgage on the land on which the timber was situated. The mortgage was foreclosed, and Carnahan became the purchaser of the land at the foreclosure sale.

According to the testimony of Terrall Brothers, Carnahan came to them and made the same agreement with

them with regard to the sale of the timber as they had made with the Geridge Lumber Company. They bought the catalpa timber on about thirty thousand acres of land. They did not know where the lines were or on what acres the catalpa timber was situated. Carnahan agreed to furnish them a man to show them the lines and where to cut the timber. They commenced cutting the timber on the land pointed out by Carnahan's agent and continued to do so for more than two months, paying Carnahan for the timber as they got out each car load of posts. They were to have all of the year 1917 in which to get out the posts. On the 20th day of February, 1917, Carnahan stopped them from cutting any more timber. The profits they would have made had they been permitted to cut all of the catalpa timber would have amounted to more than $1,141, the amount for which the jury returned a verdict against Carnahan in their favor.

According to the testimony of Carnahan, he went to see the Terrall Brothers while they were cutting the posts off of the land under their contract with the Geridge Lumber Company. He told them that his corporation had a mortgage on the land on which the timber was situated and agreed with Terrall Brothers that they might continue to cut the posts under their contract with the Geridge Lumber Company until after the land was sold under the proceedings to foreclose the mortgage. He bought the land in at the foreclosure sale, and then notified Terrall Brothers to quit cutting the timber.

The jury returned a verdict in favor of the plaintiffs and the defendant has appealed.

*Chas. A. Walls,* for appellant.

1. The contract was clearly within the statute of frauds and the court erred in its instructions to the jury. The standing timber was real estate and there was no part performance or payment so as to take the case out of the statute. 96 Ark. 98; 109 *Id.* 230.

2. The court also erred in its ruling as to the admission of testimony.

*T. C. Trimble, Jr.,* and *Ross Williams,* for appellees.

1. Payment was not to be made until the posts were shipped or delivered. The statute of fraud does not apply. Sales of timber are sales of realty and there was part performance. 91 Ark. 292; 72 *Id.* 213; 55 *Id.* 101; 44 *Id.* 377. The case in 109 Ark. 230 does not apply, as the facts are different.

Notes and memoranda in writing are sufficient. 101 Ark. 551; 97 *Id.* 366; 86 *Id.* 443.

2. No marketable title was made and appellant was liable for damages. 85 Ark. 291.

The rule for damages is stated in 110 Ark. 569; 57 *Id.* 341 and 135 S. W. 343. Also see 91 Ark. 427; 80 *Id.* 228; 148 S. W. 269; 78 Ark. 336; 91 *Id.* 427; 95 *Id.* 365.

HART, J., (after stating the facts). In order to defeat the action against him the defendant interposed a plea of the statute of frauds.

The court erred in not directing a verdict for the defendant at his request on the ground that there had not been the requisite part performance to take the case out of the operation of the statute of frauds. A sale of growing trees is a sale of an interest in land. *Graysonia-Nashville Lbr. Co.* v. *Saline D. Co.,* 118 Ark. 192, and cases cited. Consequently a contract for the sale of standing timber is within the meaning of the statute of frauds and must be evidenced by a contract in writing. *Ives* v. *Atlantic and North Carolina Rd. Co.* (N. C.), 9 A. & E. Ann. Cas. 189, and case note at 192; *Hurley* v. *Hurley* (Va.), 18 A. & E. Ann. Cas. 968, and case note at 971, and *France* v. *Deep River Logging Co.* (Wash.), Ann. Cas. 1916, A. 238, and case note at 243. In conformity with this principle of law, this court has held that the doctrine of part performance applicable to oral contracts for the sale of land applies with equal force to an oral contract for the sale of standing timber, *Arkadelphia Lumber Co.* v. *Thornton,* 83 Ark. 403; *Robinson* v. *Wynne,* 97 Ark. 366; *Davis* v. *Martin Stave Co.,* 113 Ark. 325, and *Bonner* v. *Kimball-Lacy Lbr. Co.,* 114 Ark. 42.

In these cases it was held that the payment of the purchase money for the timber by the purchaser and the taking possession of the timber by him met every requirement of our decisions as to the part performance of a parol contract for the sale of land or an interest therein necessary to give the purchaser the right to specific performance. The principle of law applicable to cases of this sort is well established, but the application to a given state of facts is sometimes difficult. In all the cases cited above, the purchaser in pursuance of the contract paid the purchase money and went into the exclusive possession of all of the timber purchased by him. Here the facts are essentially different. The timber was cut and removed from the land for the purpose of making posts and payment of the purchase price was made as each car load of posts was gotten out and sold. The posts were scattered over thirty thousand acres of land. The purchaser did not know the boundaries of the land, nor the parts thereof on which the catalpa timber was growing. The vendor furnished a man to show the purchaser where the catalpa timber was situated and where to cut it. Hence it will be readily seen that the purchaser did not have the exclusive, open and visible possession of the land on which the timber was situated to constitute the requisite part performance of the contract to take it out of the operation of the statute of frauds.

It follows that under the facts as they appear from the record, the court erred in not sustaining the defendant's plea of the statute of frauds and in not directing a verdict in his favor. For that error the judgment must be reversed and the cause will be remanded for a new trial.