Ozan Lumber Company *v.* Price.

4-9624                                    244 S. W. 2d 486

Opinion delivered December 10, 1951.

Rehearing denied January 14, 1952

*Tompkins, McKenzie & McRae,* for appellant.

*P. L. Smith,* for appellee.

Holt, J. Appellee, Charlie Price, brought this suit against appellant in the Pike Circuit Court. He alleged in his complaint "that on the 1st day of August, 1948, the plaintiff entered into a verbal agreement with the Ozan Lumber Company by which they sold him all of their hardwood timber on lands in Pike County, north of Highway 26, beginning at the Antoine River Bridge at Antoine, Arkansas, going with the north and east side of Highway 26 to where the Shawmutt Road intersects the said Highway 26 at a point near Delight, Arkansas, and thence up the Shawmutt Road to the Antoine River at Shawmutt, Arkansas, thence down the said river to the said point of beginning; * * * that under the terms of

the said agreement, the plaintiff was to pay the defendant, the Ozan Lumber Company, a price of $5.00 per thousand, payable as he cut and sold the said timber.''

He further alleged, in effect, that he performed his part of the oral contract until July 24, 1950, when appellant refused to permit him to cut any more of the timber and thereby breached the contract. Appellee sought damages.

Appellant answered with a general denial. A jury trial resulted in a verdict for appellee in the amount of $1,000, and from the judgment is this appeal.

For reversal, appellant earnestly contends that ''the alleged contract upon which this suit is based is within the statute of frauds (Ark. Stats. 1947, § 38-101) and unenforceable, and that this is especially true where, as here, the action is one at law for damages for breach of contract.''

Appellee, on the other hand, argues that appellant failed to plead the statute of frauds as a defense and therefore waived it, and further that there was sufficient part performance to take the case out of the statute. He says: ''We think that the statute of frauds must be pleaded and since appellant does not plead the statute, it has no right to rely upon it. Even if appellant had plead the statute of frauds, we think this case is taken out of the statute by the taking of possession, and immediately beginning the performance of the contract.''

The record shows that the timber land involved here, —7,600 acres,—is scattered over an area approximately nine miles long and five miles wide, or about forty-five square miles. A large number of these tracts do not touch any other tract. Appellee was equipped with a wagon and team, a cross-cut saw and two helpers, his son and a nephew. He testified that on August 1, 1948, he entered into an oral contract with appellant to purchase all of the hardwood timber on this land for $5.00 per thousand feet, to be paid as the timber was cut. No dimensions were specified and no time limit fixed between the above date

and July 24, 1950. Appellee cut and removed 243,053 feet of the timber from 1,100 acres of the area and paid $5.00 per thousand as it was cut. He did not do any cutting on the remaining 6,500 acres. During this time, appellee was absent from Arkansas for about two months and made a crop each year. At the time of the alleged contract, appellee did not know the number of acres appellant owned in the area nor the number of acres upon which he purchased timber.

In the circumstances, we hold that the oral contract here falls within the statute of frauds, is unenforceable, and that the statute, while not affirmatively pleaded, was sufficiently pleaded. As indicated, appellee alleged an oral contract for the sale of timber and sought damages for alleged breach. The answer was a general denial which, in effect, denied the existence of the contract and the burden then fell on appellee to prove a valid contract.

This court said in *O'Bryan* v. *Zuber,* 168 Ark. 613, 271 S. W. 347: "In *Standford* v. *Sager,* 141 Ark. 458, 217 S. W. 458, we said: 'Where a defendant in his answer denies making the contract which plaintiff declares on and seeks to have specifically performed, it is not necessary in such case for the defendant to specifically plead the statute of frauds, for the reason that it devolved upon the plaintiff to show that he had a valid contract as alleged.' We cited the cases of *Wynne* v. *Garland,* 19 Ark. 23, and *Trapnall's Admr.* v. *Brown,* 19 Ark. 39. In the latter case we held, quoting syllabus: 'Where the defendant denies the agreement or contract relative to the real estate alleged in the bill, it is not necessary for him to insist in his answer upon the statute of frauds as a bar.' "

This holding appears to be in accord with the great weight of authority. "According to the weight of authority, a defendant who pleads a general denial to a complaint or petition based on a contract within the statute of frauds may avail himself of the benefit of the statute by insisting upon its protection at the trial. A general denial is, in other words, sufficient to raise the issue of the statute of frauds. This indeed is probably the most

frequent method in this country of raising the defense of the statute." 49 Am. Jur., § 608, p. 915.

It is generally well established that part performance is an equitable defense and may be shown only in equity, or in a law case, as a license for possession. This court said in *Anthony* v. *Hunt*, 31 Ark. 481: "The fact that possession was taken under the alleged contract did not alter the case, so that such parol evidence might have been admitted, because such part performance can only be shown in equity, or at law, as a license for entry, etc."

Also our rule is well established that it is necessary that the part performance relied upon be referable to the contract. In the recent case of *Rolfe* v. *Johnson*, 217 Ark. 14, 228 S. W. 2d 482, we said: "We have also held that before delivery of possession of the land to the vendee under an oral contract of purchase will take the contract out of the operation of the statute, such possession must be taken under the contract and pursuant to its provisions. *Moore* v. *Gordon*, 44 Ark. 334; *Phillips* v. *Jones*, 79 Ark. 100, 95 S. W. 164, 9 Ann. Cas. 131. See, also, article in 1 Ark. Law Review 269."

We have also held that in order to take the contract out of the statute, the purchaser must "have the exclusive, open and visible possession of the land on which the timber was situated," *Carnahan* v. *Terrall Brothers*, 137 Ark. 407, 209 S. W. 64 (headnote 3).

In the present case, the part performance relied on is not referable to the contract here in question. Appellee's entry on, and cutting of timber over a period of about two years, on only 1,100 acres of a 7,600-acre area of scattered tracts, does not show that the actual contract was for the purchase of 7,600 acres of timber.

Accordingly, the judgment is reversed and the cause dismissed.

MILLWEE, J., dissents.