COURTNEY HUDSON GOODSON, Justice, dissenting. Because I believe the majority errs in the disposition of this case, I respectfully dissent. The majority improperly reverses and remands this case when it should affirm the circuit court’s denial of the Bank’s motion to compel arbitration. The majority, therefore, permits the Bank to have a second bite at the apple to carry its burden of proving that an agreement to arbitrate existed, despite the fact that a de novo review of the record in this ease reveals that neither the Bank nor the ap-pellees demonstrated that appellees received notice of, or assented to, an arbitration provision. In addition, the majority’s approach blurs the line concerning which party has the burden of proving that an agreement to arbitrate existed in the first place. Therefore, I must respectfully dissent. When a court is asked to compel arbitration, it is limited to deciding two threshold questions: (1) Is there a valid agreement to arbitrate between the parties? and (2) If such an agreement exists, does the dispute fall within its scope? LegalZoom.com, Inc. v. McIllwain, 2013 | 8Ark. 370, 429 S.W.3d 261. A threshold inquiry is whether an agreement to arbitrate exists; that is, whether there has been mutual agreement, with notice of the terms and subsequent assent. Alltel Corp. v. Sumner, 360 Ark. 573, 203 S.W.3d 77 (2005). The question of whether a dispute should be submitted to arbitration is a matter of contract construction. Tyson Foods Inc. v. Archer, 356 Ark. 136, 147 S.W.3d 681 (2004); Showmethemoney Check Cashers v. Williams, 342 Ark. 112, 27 S.W.3d 361 (2000); International Union, United Auto., Aerospace & Agri. Implement Workers of Am. v. General Elec. Co., 714 F.2d 830 (8th Cir.1983). It is well settled that in order to make a contract there must be a meeting of the minds on all terms, using objective indicators. DIRECTV, Inc. v. Murray, 2012 Ark. 366, 423 S.W.3d 555; see also Ward v. Williams, 354 Ark. 168, 118 S.W.3d 513 (2003). This court employs an objective test for determining mutual assent, looking to objective indicators of assent and not subjective opinions. Ward, 354 Ark. 168, 118 S.W.3d 513. Both parties must manifest assent to the particular terms of the contract. Alltel Corp, supra. Finally, a party can be forced to arbitrate only those issues it specifically has agreed to submit to arbitration. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 115 S.Ct. 1920,131 L.Ed.2d 985 (1995). For a party to assent to a contract, the terms of the contract, including an arbitration agreement, must be effectively communicated. Alltel Corp., supra. The mere presence of an arbitration provision in a contract is not sufficient, in and of itself, to show mutual agreement to an arbitration provision. Id. (concluding that an affidavit stating that it was the defendant’s practice and procedure to provide copies of a terms-of-service agreement that included an arbitration provision to each new customer prior to starting service was insufficient proof that the plaintiffs were given a contract which provided for the requirement of arbitration); | fDIRECTV, Inc., supra (holding that the trial court did not err in finding no mutual assent to the arbitration provision in a contract where the customer cancelled the contract within ten days of receipt of the contract). In Alltel, this court affirmed the circuit court’s order denying a motion to compel arbitration and held that there must be specific evidence that an affected party received notice of an arbitration agreement or that a company implemented practices and procedures such that notice to the affected party can be reasonably inferred from the circumstances. Moreover, this court noted that the presence of multiple contracts containing inconsistent provisions relating to arbitration supported a finding that there was insufficient proof that the affected party was given notice of the arbitration provision. In the present case, the Bank filed the motion to compel arbitration and, therefore, had the burden to prove that an arbitration agreement exists. See, e.g., Alltel Corp., supra; see also Ozan Lumber Co. v. Price, 219 Ark. 709, 244 S.W.2d 486 (1951) (where plaintiff alleged a contract existed between the parties, and defendant denied the existence of the contract, the burden fell on the plaintiff to prove a valid contract existed). The party who raises an arbitration agreement as a bar to court proceedings bears the burden of showing that a valid arbitration agreement exists. 92 Am.Jur. Proof of Facts 3d 1 (2006); see also, THI of New Mexico at Hobbs Ctr., LLC v. Spradlin, 893 F.Supp.2d 1172,1178 (D.N.M.2012) aff'd, 532 Fed.Appx. 813 (10th Cir.2013) (“It is the party seeking judicial enforcement of an arbitration agreement who bears the burden of persuasion.”); In re Cusimano v. Berita Realty, LLC, 103 A.D.3d 720, 959 N.Y.S.2d 711, 712 (2013) (“The burden of proof is on the party seeking arbitration.”); Pinnacle Museum Tower Ass’n v. Pinnacle Mkt. Dev. (US), LLC, 55 Cal.4th 223, 145 Cal. Rptr.3d 514, 282 P.3d 1217, |10l224-25 (2012) (“The party seeking arbitration bears the burden of proving the existence of an arbitration agreement, and the party opposing arbitration bears the burden of proving any defense, such as unconsciona-bility.”); GGNSC Stanford, LLC v. Rowe, 388 S.W.3d 117, 121 (Ky.Ct.App.2012) (“The party who raises an arbitration agreement as a bar to court proceedings bears the burden of showing a valid arbitration agreement exists.”). However, the Bank offered no affidavits or other evidence to support its contention that appellees received notice of or assented to the arbitration provision in the Account Agreement. Instead, the Bank relied on the mere presence of an arbitration clause in an undated and unsigned Account Agreement to support its motion to compel arbitration. While the Bank attached two versions of the Account Agreement — which the majority recognizes differed from the Account Agreement attached to appellees’ complaint — and two signature cards indicating that the signors received a copy of an Account Agreement, the Bank offered no evidence to establish which of the three Account Agreements presented was the one referred to by the signature cards. Thus, the Bank, like Alltel, failed to provide any evidence to support its assertion that appellees received notice of the arbitration provision and failed to provide evidence that the Bank followed a practice and procedure such that notice to appel-lees could be reasonably inferred. Therefore, the circuit court’s decision to deny the Bank’s motion to compel arbitration should be affirmed. In reaching this conclusion, I am aware that the circuit court did not make a ruling on whether an agreement to arbitrate existed. However, we review a circuit court’s order denying a motion to compel arbitration de novo on the record. Searcy Healthcare Ctr., LLC |11v. Murphy, 2013 Ark. 463, 2013 WL 6047164. While de novo review does not mean that the findings of fact of the circuit judge are dismissed out of hand and that the appellate court becomes the surrogate trial judge, it does mean that a complete review of the evidence and the record may take place as part of the appellate review to determine whether the trial court clearly erred in either making a finding of fact or in failing to do so. Stehle v. Zimmerebner, 375 Ark. 446, 291 S.W.3d 573 (2009). The de novo standard of review opens the entire record for our review. BDO Seidman, LLP v. SSW Holding Co., 2012 Ark. 1, 386 S.W.3d 361. Moreover, under this standard of review, an appellate court is not constrained by the trial court’s rationale, but may review the record for additional reasons to affirm. Vowell v. Fairfield Bay Cmty. Club, Inc., 346 Ark. 270, 58 S.W.3d 324 (2001). It is well established that this court may affirm a trial court where it has reached the right result, although it may have announced a different reason. See Faulkner v. Arkansas Children’s Hosp., 347 Ark. 941, 69 S.W.3d 393 (2002). Thus, we can review the record in the present case to determine if the evidence supports affirmance. Even assuming, without conceding, that the trial court erred in failing to make a finding regarding the existence of an arbitration agreement, a review of the record reveals that the Bank simply failed to produce evidence to support its allegation on this point. Where it is apparent from the record that a party failed to produce evidence sufficient to justify a determination of an issue, there is no need to speculate or to make factual findings. Alltel, supra; see also, Ark. Dep’t of Health & Human Servs. v. Storey, 372 Ark. 28, 27, 269 S.W.3d 803, 805 (2007) (finding that this court reviews a question of law de novo) (citing Helena-West Helena Sch. Dist. v. Fluker, 371 Ark. 574, 268 S.W.3d 879 (2007)); 31 C.J.S. Evidence § 1881 ia(2Q14) (“The burden of proof applicable in a particular case and where it lies is a question of law and is reviewed de novo.”). Here is such a situation. No speculation is needed to understand that the Bank failed to carry its burden of proof. This court has been woefully inadequate in enunciating the proper burden of proof in arbitration cases. By reversing this case, the majority permits the Bank to have a second bite at the apple to produce the evidence necessary to support the motion to compel arbitration which was filed more than two years ago. Furthermore, the majority muddles the issue of which party has the burden of proof to demonstrate that an agreement to arbitrate exists. Therefore, based upon my de novo review of the record, I would hold the Bank to its burden of proof and affirm the trial court’s denial of the Bank’s motion to compel arbitration. BAKER and HOOFMAN, JJ., join.