McDermott vs. Cable et al.

Where a plea sets up a contract for the sale of land without averring that it was in parol, the presumption is that it was in writing.

A plea of failure of consideration, setting up that the consideration of the note sued on, was a contract for the sale of land, and that the vendors were unable to make title to the land, is defective unless it make profert of the contract; and allege whether a deed for the lands was executed by the vendors.

*Appeal from Drew Circuit Court.*

Hon. John C. Murray, Circuit Judge.

Harrison, for appellant.

If any right or title was claimed under the contract, the objection that there was no profert of it, might be good; but the plea sets up none. It merely denies the plaintiff's right to recover on the note, because of a failure of the consideration, and the contract is alleged as one of the facts and circumstances showing how, or in what manner it had failed, and the legal effect is the same, whether it was in parol or in writing. This cause is different from that of *Duncan et al. vs. Clements*, 17 *Ark.* 279, where a want of title was not alleged, or an inability

to make title, but that the conveyance should be made before payment of the purchase money. The failure of consideration of the note, then, and not the agreement to convey the land being the bar pleaded, no profert of the agreement was necessary. *Gould's Pl. ch.* 8, *secs.* 32, 38, 39, 40; *Ch. Pl.* 365.

GARLAND & RANDOLPH, for the appellee.

The plea does not deny the fact that the plaintiff's intestate and Rudd made the defendant a deed for the land; it only denies that they "conveyed" it to him, which might be true, and yet the "warranty deed" have been executed.

But there is a fatal objection to the plea pointed out by the second ground of the demurrer. It is not alleged whether the agreement for the purchase of the land was, or was not, in writing; the statute of frauds requires, and will presume it was in writing, and such being the fact, the plea ought to have made profert of it. *Duncan vs. Clements,* 17 *Ark.* 279.

Mr. Justice COMPTON delivered the opinion of the court.

This was an action of assumpsit, brought by Mrs. Cable, as administratrix of the estate of Westley L. Maulding, deceased, on a promissory note for $300, payable to her intestate.

The defendant pleaded non-assumpsit, to which issue was joined; and also a special plea of total failure of consideration, in which it was averred, that the note sued on was executed for the residue of the purchase money for a certain tract of land which the defendant had contracted to purchase from the plaintiff's intestate and one Alexander Rudd, who agreed and were to convey the land to the defendant by deed, with covenants of warranty, immediately, and for no other consideration; and the plea further averred, that Maulding and Rudd *never conveyed the land* to the defendant; and that neither at the time the note was executed, nor at any time afterward, had they, or either of them, any title to the land, and were not able to con-

vey the same. To this plea the plaintiff demurred, assigning for causes of demurrer:

1st. " It is not alleged that the contract for the purchase of the land was not in writing, and no profert of the same is made.

2d. It is not alleged whether Maulding and Rudd executed a deed of conveyance to the defendant."

The court sustained the demurrer, found for the plaintiff on the issue joined to the plea of non-assumpsit, and rendered judgment accordingly; to reverse which, the defendant has appealed to this court, and assigns for error the decision of the court in sustaining the plaintiff's demurrer.

We think the demurrer was well taken. The contract set up in the plea is not alleged to be in parol; and being such, as by the statute of frauds, is required to be in writing, the presumption is that it is so; and being in writing, it should have been pleaded with profert, under the provisions of our statute, in order that the court, in the exercise of its appropriate function —the construction of a written contract — might determine whether the contract furnished the defence claimed under it. *Duncan vs. Clements*, 17 *Ark.* 279.

It is insisted, however, that because the plea alleges the inability of the vendors to make title, it is distinguishable from that in *Duncan vs. Clements, supra,* which alleged the failure merely of the vendor to make, or offer to make a deed before suit brought. We cannot perceive how this distinction dispenses with the necessity of profert. For instance: Suppose it had appeared on oyer, in the case now before us, that by the terms of the contract between the parties, the vendors were to make a quit-claim deed only, would their inability to make a valid title have been a failure of consideration? Certainly not. And without profert, how could the court know, in making up the issues upon the pleadings, whether the contract was as we have put it for illustration, or whether it was as alleged in the plea? But the plea is also defective upon another ground. It is not distinctly alleged—as it should have been—whether or

not a deed to the land was executed by the vendors; because, if a deed was so executed and accepted by the defendant, then, though no title passed, the defendant could not avail himself of the plea of total failure of consideration, unless there had been an eviction, or its equivalent. *Grace vs. McDaniel*, 15 *Ark.* 487; *Lewis vs. Davis*, 15 *Ark.* 235. All that is alleged might be true, though a deed was executed. The language of the plea, in this particular, is, especially in the connection in which it is employed, equivocal and insufficient.

Let the judgment be affirmed.