HUGHES VS. LAWSON.

STATUTE OF FRAUDS:

    A promise to pay the pre-existing debt of another, founded upon the original liability, and without any new consideration to support it, is a collateral undertaking, and within the statute of frauds. And the mere possession by the promissor, of property of the debtor not deposited for the purpose of paying the debt, will not withdraw it from the operation of the statute.

APPEAL from *Jefferson* Circuit Court.

Hon. J. A. WILLIAMS, Circuit Judge.

*Wise,* for appellant.

HARRISON, J.:

Lawson sued Hughes before a justice of the peace, upon his promise to pay the debt of one Hudson for $80. The plaintiff recovered judgment before the justice, and the defendant appealed to the Circuit Court, and in the Circuit Court the plaintiff again obtained a verdict and judgment. The defendant then appealed to this court.

The evidence was, that Hudson owed the plaintiff $80 for the labor of his son in his crop, and being threatened by the plaintiff with a suit, they, at his suggestion, went to the defendant, whose land Hudson had cultivated, to get him to settle the debt. The defendant promised the plaintiff to pay the debt when Hudson's cotton, then in his gin, was sold. The defendant had furnished the land, and the team and feed for the same, and was to have one-half the crop; and Hudson had agreed to turn over the cotton raised on the place to the defendant to secure advances he had made him, and a debt which he owed M. M. Dodd, and for which the defendant was bound.

After the defendant's promise, Hudson, without his consent or knowledge, carried the cotton to Pine Bluff and turned it over

to Dodd, in payment of his debt to him, and the defendant received no benefit whatever from it.

The court gave, at the instance of the plaintiff, the two following instructions to the jury, against the objection of the defendant:

*First*—If you believe, from the evidence, that the defendant agreed to pay the plaintiff, for Hudson, $80, and had, at the time, money or property in his possession or under his control, or afterwards got any, out of which it was to be paid, you will find for the plaintiff.

*Second*—If you believe, from the evidence, that the defendant promised, in the presence of the three parties, and it was so agreed and understood between them, to pay the plaintiff Hudson's debt to him, it became the debt of the defendant, and Hudson was discharged from his obligation to the plaintiff, and you will find for the plaintiff.

The rule is well settled that the mere possession of property belonging to the original debtor, not deposited with the defendant for the purpose of paying the debt, will not withdraw his verbal promise to pay it from the operation of the statute of frauds. Brown Stat. Frauds, sec. 187 ; *Deltz* v. *Parke,* 1 South., 219 ; *Simpson* v . *Nance,* 1 Speer, 4 ; *State Bank* v. *Mettler,* 2 Boser, 392.

The cotton in the defendant's gin at the time of his promise, was not placed there for the purpose of paying the debt, and there was no evidence that any property afterwards came to his hands for that purpose. The case is, therefore, clearly within the rule just stated.

It is also as well settled that a promise by a third person to pay the pre-existing debt of another, having immediate respect to and founded upon the original liability, and without any new consideration moving him to pay or answer for such debt, is a

collateral undertaking, and, unless in writing, within the prohibition of the statute. *Kurtz* v. *Adams*, 12 Ark., 174; *Elder* v. *Warfield*, 7 Har. & John., 391 ; *Tileston* v. *Nettleton*, 6 Pick., 509 ; 2 Par. Con., 9 ; Brown Stat. Frauds, sec. 212. ·

There was no evidence of any new consideration moving to, or inducing the defendant to assume the debt as his own, by which Hudson would have been discharged. No purpose of his own was shown to be subserved by his promise.

The second instruction was likewise erroneous.

The following instruction was asked by the defendant, which the court refused to give :

If you find, from the evidence, that there was a pre-existing debt from the plaintiff to Hudson, and that the defendant promised to pay said debt, you will find for the defendant, unless it also shows that the promise was in writing, or that a new consideration was given by the plaintiff, which moved him to pay or answer for the debt.

The latter part of this instruction, or that in regard to a new consideration, is not accurately correct; for a consideration for the promise, from Hudson, would have been equally as availing ; but as there was no evidence of any such consideration, it was entirely abstract and mere surplusage, and could not possibly have misled the jury.

With this exception, the instruction was but the declaration of the statute of frauds, Gantt's Digest, sec. 2951, and the court erred in refusing to give it to the jury ; *Kurtz* v. *Adams, supra.*

The judgment of the court below is reversed, and the cause remanded to it, with instructions to grant the defendant a new trial.