## GALE *v.* HARP.

### Opinion delivered November 27, 1897.

NOTE—FAILURE OF CONSIDERATION.—To a complaint on a note an answer which alleges that the consideration of the note was the payee's undertaking that a third person would comply with his contract with the payor, and that said third person had failed to perform such contract, presents a good defense. (Page 464.)

STATUTE OF FRAUDS—GUARANTY.—An undertaking on the part of A that a third person shall perform a certain contract with B is not a collateral undertaking, within the statute of frauds, when it arises from some new and original consideration of benefit or harm moving between A and B. (Page 465.)

PLEADING—PRESUMPTION.—Where a pleading does not allege whether a contract is in writing or not, and it is required by the statute of frauds to be in writing, the presumption is that it is so. (Page 465.)

Appeal from Baxter Circuit Court.

H. C. ALLEN, Special Judge.

Harp brought suit against Gale on a note for $155. The court below sustained a demurrer to defendant's answer, which was as follows:

"Comes the defendant, and denies that he owes the plaintiff any sum whatever upon the demand sued on, because, he says, the consideration of said note has failed; that the debt for which said note was given was first contracted by and between this defendant and one Frank Cornell, in which contract this defendant purchased from said Cornell one engine and boiler, saw and sawrig, and gin stand and fixtures; that, by the terms of said contract and purchase, Cornell guarantied said mill and machinery to be in good running order, and agreed and undertook to furnish defendant his boat to use (free of charge) in transporting said property from its former situation to the farm of the defendant, at the mouth of North Fork, in Baxter county, Arkansas, and put the same in good running order;   *   *   *   that said Cornell failed and neglected to furnish said boat as agreed, and load the same on said boat as agreed, and failed to put said machinery in good running order; that said machinery was not in good running order, as represented by said Cornell, and, though defendant had expended $100 thereon, the same is not yet in good running order; that said Frank Cornell falsely and fraudulently represented to defendant that the same was good machinery and in goood running order; that by such representations he induced this defendant to make such purchase; that, by reason of the failure of said machinery to be as represented, and by reason of the failure of said Cornell to do as agreed in his contract of purchase and sale, this defendant has been put to his expense of $100 in repairing said machinery, and lost the ginning season of 1894, to his loss, expenditure and damage in the sum of $300. Wherefore, he says, that he has a defense against said demand as against said Frank Cornell, because he has and would be entitled to recoup

and counter-claim as against him the said sum of $300; that said Cornell is wholly insolvent. He further says that, by reason of such fact, the note sued on is without consideration, fraudulent and void, because, as he further says, that said plaintiff, R. L. Harp, took said note in payment of an antecedent debt due to him from said Cornell, and took the same with full knowledge and notice of the contract of sale and purchase aforesaid, and with full knowledge and notice of the obligations of the said Frank Cornell thereunder, and agreed to and with this defendant, and undertook to guaranty, and did guaranty to him that said Frank Cornell should and would, in all things, conform to and execute the conditions of this contract with this defendant in and about said sale. Wherefore, he says, plaintiff ought not to maintain this action. He therefore prays judgment for costs and all legal relief."

*Horton & South,* for appellant.

The damages alleged in defendant's answer, by way of counter-claim, were valid as such counter-claim. Sand. & H. Dig., §§ 5722, 5723; Waterman, Set-off (2 Ed.), §§590–596, 607 and 611; 17 Ark. 245; 27 *ib.* 489; 38 *ib.* 338, 339 and 340; 57 *ib.* 241; 30 *ib.* 535; Bliss, Code Pl. §§ 370–375. This applies to the appellee as well as to the payee of the first note. Kerr, Fraud and Mistake, pp. 233 and 234; 25 Ark. 196, 204–205. The note is void for failure of consideration. 31 Ark. 661; 53 *ib.* 512; Daniel, Neg. Inst. (2 Ed.) §§ 177, 789, 799, 801, 802, 277 and 203; 18 Ark. 228, 246; 30 *ib.* 538, 540. The contract of appellee is not within the statute of the frauds. 12 Ark. 178; 40 *ib.* 429. Evidence of the contract between appellant and appellee was admissible. 54 Ark. 99; 53 Ark. 4.

HUGHES, J. It is the judgment of the court that the circuit court erred in sustaining the demurrer to the answer of the appellant. The answer pleaded failure of consideration for which the note sued on was executed. The consideration which moved the appellant to execute his note to the appellee was that the appellee promised and agreed with the appellant that Cornell should and would in all things conform to and execute the condition of his contract with the appellee. This Harp wholly failed, according to the answer, to do.

The appellant received no consideration whatever from Harp, the appellee, for the execution of the note. The note was executed to appellee for a debt which Cornell owed appellee. The complaint alleges that Cornell was insolvent. If the appellee can make the appellant pay this note, he will collect a demand from his insolvent debtor, and at the same time avoid the performance of his contract and agreement made with the appellee, which was the consideration that induced the appellee to execute the note to him, according to the allegations of the answer, which upon the demurrer are taken as true.

The promise or agreement of Harp, the appellee, made to and with Gale, the appellant, was not within the statute of frauds, though it may not have been in writing. It was not a collateral undertaking, according to the decision in *Chapline* v. *Atkinson*, 45 Ark. 67, which is to the effect that "a parol promise to pay the debt of another is not within the statute of frauds when it arises from some new and original consideration of benefit or harm, moving between the newly contracting parties." *Leonard* v. *Vredenburgh*, 8 Johns. 29; *Kurtz* v. *Adams*, 12 Ark. 174; *Hughes* v. *Lawson*, 31 Ark. 613.

In *Lemmon* v. *Box*, 20 Texas, 329, it is held that "whenever the main purpose and object of the promisor is, not to insure for another, but to subserve some purpose of his own, his promise is not within the statute of frauds, although it may in form be a promise to pay the debt of another." 1 Brandt, Suretyship and Guaranty, § 70.

The answer does not state whether the promise and agreement by Harp, the appellant, was in writing or not. This was not necessary, although, if it were a contract required by the statute of frauds to be in writing, it would be necessary to prove that it was in writing. 1 Brandt, Suretyship and Guaranty, § 90. The general rule at common law is that a contract not described as made by writing obligatory or instrument under seal will be presumed to have been by parol. But the presumption does not extend to the effect that it was verbal." *Hurlburt* v. *W. & W. Manufacturing Co.*, 38 Ark. 598.

The contract of the appellant, alleged to have been made with appellee, is not alleged in the answer to be in parol, and, if it were such as is required by the statute of frauds to be in

writing, the presumption is that it is so. *McDermott* v. *Cable*, 23 Ark. 20. The judgment of the circuit court is reversed, with directions to overrule the demurrer, and the cause is remanded.