BROMLEY *v.* ADAY.

Opinion delivered April 19, 1902.

1.  AGENCY—DELEGATION OF AUTHORITY.—An agent, having authority to sell his principal's land, has no power to delegate such authority to another. (Page 354.)

2.  UNAUTHORIZED ACT—RATIFICATION.—If one assuming to act as agent to sell real property, but without authority, entered into an oral contract of sale thereof, but afterwards tendered back the money received, the purchaser cannot claim a ratification because the owner retained the purchase notes. (Page 354.)

3.  STATUTE OF FRAUDS—PART PAYMENT.—Payment of part of the purchase money of land and execution of notes for the remainder, without more, is not such part performance of the sale as would take the transaction out of the statute of frauds. (Page 354.)

4.  TENANCY—TERMINATION.—A tenancy from year to year cannot be terminated by a ten days' notice to quit. (Page 355.)

Appeal from Searcy Circuit Court.

ELBRIDGE G. MITCHELL, Judge.

Reversed.

STATEMENT BY THE COURT.

This suit was brought by appellees, J. W. and J. R. Aday, to recover the possession of a storehouse and certain lots. The complaint alleged that appellants, Bromley & Hensley, were tenants of appellees, and that appellants were unlawfully holding over the premises. Appellants admitted that they were tenants, but denied that appellees were their landlords, and denied that their term had expired, and denied appellees' ownership or right of possession.

Giving the testimony the utmost strain possible for appellees, it shows no more than that Joblin, an agent of Hill, Fontaine & Company, the owners of the premises in controversy, began negotiations with appellees for the sale of same while appellants were in possession under a lease, and before the term of their lease had expired. These negotiations Joblin did not conclude himself, but left the matter to be completed by his agent, Barr, according to certain terms which he (Joblin) and appellees had agreed upon. Barr and appellees agreed upon certain terms for the sale of the premises, by which appellees paid a certain sum cash and executed their notes for the balance, and Hill, Fontaine & Company were to execute a deed to appellees. The terms which Barr and appellees agreed upon were not the same as Joblin and appellees agreed upon. But the change was acceptable to Barr, who acted for Joblin. Barr, who represented Hill, Fontaine & Company in renting their lands about the town of Marshall, agreed that appellees should receive the rents for the premises in controversy from appellants, from the time he and appellees agreed upon the sale until the end of the year, the expiration of appellants' term. Appellants were notified by Barr and by appellees of the agreement, and said it was immaterial to whom they paid the rents. They did not object to paying the rents to appellees. A deed was made out by Barr, and forwarded to Hill, Fontaine & Company. The deed contained more land than Barr had agreed to sell, and was not signed by Hill, Fontaine & Company, but was returned to Barr for correction. In the meantime, and while appellees were absent from home, Joblin informed one of the appellants that the sale to appellees had failed, and promised him that appellants might retain the premises from the

expiration of their present term for another year upon certain terms. It is not shown that the deed to appellees was executed. The appellants had been tenants of Hill, Fontaine & Company for several years, under a contract of lease from year to year. Appellees gave appellants ten days' notice in writing to quit, and upon their failure to do so brought this suit. Barr, for Hill, Fontaine & Company, tendered to appellees the cash he had received, but they refused it.

The court, among other things, found "that in October, 1899, appellees bought said real estate from Hill, Fontaine & Company, and were by them put in possession thereof. That appellants recognized and accepted appellees as their landlord, and agreed to turn over the property to appellees on January 1, 1900, and not hold said property any longer than that time." The court declared the law for appellees, and gave judgment for them. It is unnecessary to state other facts.

*Pace & Pace, W. S. & F. L. McCain,* for appellant.

Appellants were guilty of no wrong which justified the judgment in the lower court. 66 Ark. 145. A tenant cannot attorn to a stranger. 43 Ark. 28. Oral authority will not enable an agent to make a deed or convey title. Sand. & H. Dig., § 3479. Appellant was entitled to six months' notice. 65 Ark. 471.

*Ulysses S. Bratton,* for appellees.

The transcript fails to show that any bill of exceptions was filed or motion for a new trial, and the judgment should be affirmed. 55 Ark. 547; 57 Ark. 441; 57 *id.* 304; 58 *id.* 448; 23 S. W. 584. The finding of a court sitting as a jury will not be disturbed if there is any evidence to support it. 23 Ark. 24; 26 Ark. 371; 60 Ark. 250; 40 Ark. 114; 36 Ark. 261; 23 Ark. 208; 27 Ark. 529. When possession is delivered, an oral agreement is binding. 21 Ark. 137; 42 Ark. 246; 44 Ark. 82; 8 Ark. 278. The statute of frauds can only be relied upon by parties to the contract. 49 Ill. 289; 101 Ind. 514; 102 Ind. 263; 71 Ala. 62; 82 Ala. 622; 1 Ill. 584. An agent to sell land need not have written authority. 9 Leigh, 387; 20 W. Va. 397; 10 Am. Dec. 741; 17 Am. Dec. 56; Brown, Stat. Frauds, § 370a. A ratification of an agent's act is equivalent to a previous delegation of authority. 11 Ark. 378; 15 S. W. 187.

WOOD, J., (after stating the facts.) The burden of proof was upon appellees. The proof utterly fails to show that the relation of landlord and tenant existed between appellants and. appellees. It is not even shown that Joblin had any authority to make a sale of the premises in controversy, much less Barr, who, in this so-called agreement of sale, acted only as the agent of Joblin. He was not the agent of Hill, Fontaine & Company to sell lands. Joblin assumed to have authority to sell lands for Hill, Fontaine & Company, and the court seems to have treated this assumption of authority on his part as the real thing itself, and demanded no further proof. The court evidently found that Joblin had authority to act for Hill, Fontaine & Company, and that Barr had authority to act for Joblin, and that what Barr did for Joblin in the transaction was done for Hill, Fontaine & Company. This was all wrong. Even if Joblin himself, without a power of attorney, could have made a verbal contract with appellees for the sale of the lands, and upon payment of part of the purchase money could have put appellees in possession, he did not do it. Therefore we are not called upon to decide whether he could have done so or not. We are sure that Barr, who derived whatever authority he had in the premises from Joblin, could make no contract that would bind Hill, Fontaine & Company. That is getting too far away from the source of power. *Delegatus non potest delegare* would apply to Joblin and Barr. If Joblin had authority as agent to sell, he must have been regarded by his principal as having special fitness for such important responsibilities. This he could not delegate. Mechem, Agency, § 186.

Of course, Hill, Fontaine & Company might have ratified any contract of sale that Joblin or Barr either might have made with appellees. But there is no proof here that Hill, Fontaine & Company did so. The evidence falls far short of showing ratification, or anything like it, before the institution of this suit. No deed was signed or delivered. Barr tendered back the cash he had received. Appellees refused it, showing that they wanted to make the deal go. Under such circumstances, a retention of the notes by Hill, Fontaine & Company would not be construed as a ratification of the unauthorized act of Barr. But, even if Barr had been clothed with authority to make the sale, he did not make it. There was no such delivery of possession upon payment of a part of the purchase money as to take the case out of the statute of frauds.

There was no actual delivery of seizin to appellees. Appellants never attorned to them or promised to do so. The best the proof shows on this point is that they did not object to doing so. This is far from the affirmative act of paying rent to appellees and thereby recognizing them as landlords or owners.

Moreover, the notice to appellants as tenants by the year was not sufficient. Ten days' notice to quit, given to merchants who had been occupying the premises for years under a lease from year to year, would hardly be considered reasonable. *Stewart* v. *Murrell*, 65 Ark. 471.

Reversed and remanded for a new trial.