### S. H. KRESS COMPANY *v.* MOSCOWITZ.

Opinion delivered December 23, 1912.

1. CONTRACT—CONSIDERATION—COMPROMISE.—A compromise of a disputed claim furnishes sufficient consideration to uphold the terms of a contract. (Page 640.)

2. LANDLORD AND TENANT—FIXTURES—RIGHT TO REMOVE.—Where a landlord agreed that a tenant, upon expiration of his lease should own certain fixtures in a building, a third person to whom the building has been leased can not object to the former tenant removing such fixtures. (Page 640.)

3. FRAUDS, STATUTE OF—PLEADING.—The statute of frauds can not be availed of unless pleaded. (Page 641.)

Appeal from Garland Circuit Court; *C. T. Cotham,* Judge; affirmed.

*Rector & Sawyer,* for appellant.
*A. J. Murphy,* for appellee.

HART, J. Appellees occupied a store room in Hot Springs, Arkansas, as tenants of S. H. Stitt, under a lease from him to them for a term of three years from the 15th day of June, 1908, to the 15th day of June 1911. It contained the following provision:

"At the termination of this lease, the parties of the second part (Moscowitz & Zucker) are to have the privilege of renewing this lease on such terms and conditions as may be mutually agreeable."

Appellees leased the premises for a store house and put a new front in it consisting of four plate glasses, one plate glass door, clamps, frames, transoms and four marble base slabs. The front was not fastened in the building with nails but was attached to it by the clamps and frames. On the 3d day of September, 1910, Stitt executed to appellant, a foreign corporation, a lease on this property to take effect at the expiration of appellees' lease. Appellees upon learning

of the execution of the lease to appellant contended that they had a right of renewal of their lease of three more years under the clause above referred to. They say that Stitt verbally agreed with them to renew the lease for three more years at a rental of one hundred dollars per month, and that this verbal contract was made about one month before he executed the lease to appellant. Appellees testified that it was finally agreed between them and Stitt that they should abandon their contention for a renewal of the lease, and that they should have the new front which they had put in the store house. They say that Mr. Quigley, the manager of appellant, knew of the compromise that they made with Mr. Stitt, and agreed to its terms. They testified further that they remained in the store house a few days after their lease expired, but that this was done by agreement with Mr. Stitt and with the assent of Mr. Quigley. That it was understood and agreed that they should not take the front out until after they had moved out and Mr. Quigley had taken charge of the building and had removed the front. They say it was understood that they should have the glass front when Mr. Quigley detached it from the store room. Mr. Stitt admitted this, and says that he has never claimed the glass front, and does not do so now. On the other hand, Mr. Quigley testified that the agreement was that appellees should have the glass front provided they moved out by the time their lease expired. He claimed that, because appellees remained in the store house a few days after the expiration of their lease, they forfeited their rights to the glass front.

When appellant took possession of the building, they took out the glass front and put in a new front of their own. Appellees demanded the glass front which they had put in, after it had been detached from the building by appellant, and appellant refused to deliver it to them. Appellees brought suit in replevin against appellant before a justice of the peace to recover the same. Appellant made default in the justice's court, and judgment was rendered in favor of appellees. Upon appeal in the circuit court, the case was tried upon the facts which we have stated above, and the jury returned a verdict in favor of appellees. The case is here on appeal.

It is not necessary to decide whether the property in ques-

tion was a trade fixture. Appellees contended that they owned the front which they had put in, and also that they had a right to renew the lease. To settle this dispute, it was agreed between appellees and Stitt, the owner of the building, that appellees should have the front, and that they should be entitled to the possession of it when appellant detached it from the building, and that appellant assented to the terms of this agreement.

In the case of *Gardner* v. *Ward,* 99 Ark. 588, we held that a compromise of a disputed claim furnishes sufficient consideration to uphold the terms thereof, even though the claim be without merit.

Appellees testified that, in consideration they should abandon their claim for a renewal of their lease, Stitt, the owner of the building, recognized their claim of ownership to the plate glass front, and agreed that they might take it away after it was detached from the building. Stitt admits this, and says that he has recognized the claim of title of appellees to the plate glass since the agreement was made, and that he does not now claim it. Appellant admits that this agreement was made between appellees and Stitt, and that it assented thereto, but its contention is that the plate glass front was only to become the property of appellees provided they moved out of the storehouse by the time their lease expired, and that, if appellees had done so, appellant would not now claim the plate glass and the frames and fastenings. Appellees and Stitt both say that appellees remained in the store a few days after the expiration of their lease by a mutual agreement assented to by appellant, and the jury was certainly warranted in so finding. Appellant had decided to put in a new front, better adapted to its business, and removed the plate glass, frames and fastenings now in dispute for that purpose. There is nothing in the terms of its lease whereby the glass front which was removed should become its property.

Then, according to appellant's own contention of the law, the plate glass and fastenings became the property of Stitt; and if he has relinquished his claim to appellees, certainly appellant is in no position to complain. See *Searle* v. *Roman Catholic Bishop of Springfield,* 203 Mass. 493, 17 A. & E. Ann. Cas. 340.

Moreover, if it be held that the agreement in question was void under the statute of frauds, and that appellant had a right as the lessee of Stitt to plead the statute of frauds, it does not appear from the record that the statute of frauds was pleaded, and we have held that the statute of frauds can not be availed of unless pleaded. *St. Louis, I. M. & S. Ry. Co.* v. *Hall,* 71 Ark. 302; *El Dorado Ice & Planing Mill Co.* v. *Kinard,* 96 Ark. 184; *Dierks Lbr. & Coal Co.* v. *Coffman.* 96 Ark. 505.

. The assignments of error of appellant are covered by what we have already said, and it is therefore unnecessary to take up and discuss separately the several assignments of error relied upon for a reversal of the judgment.

The judgment will be affirmed.