JONES *v*. SCHOOL DISTRICT No. 48 OF LAWRENCE COUNTY.

Opinion delivered February 10, 1919.

1. STATUTE OF FRAUDS—MEMORANDUM OF SALE OF LAND—SIGNING.— The statute of frauds does not require that a contract for the sale of land shall be reduced to writing and signed by the parties; it is sufficient if there be a memorandum of the contract signed by the party to be charged in the action, that is, the defendant.

2. SAME—MEMORANDUM OF SALE—VERBAL ACCEPTANCE.—A verbal acceptance of a written offer to sell land is sufficient to constitute a binding agreement on which to charge the person by whom the memorandum is signed.

3. SAME—SUFFICIENCY OF ACCEPTANCE OF OFFER TO SELL LAND.— Where a memorandum of a sale of land between the owner and a school district shows that it was intended to be mutually binding upon both parties, and the agreement was conditioned on a vote of the district, and the school directors verbally notified the vendor of the district's acceptance, the vendor was bound.

4. SCHOOLS AND SCHOOL DISTRICTS—NOTICE OF SCHOOL MEETING.— Where the notice of the annual school meeting stated that a vote was to be taken for a building site, this was sufficient, under Kirby's Dig., § 7629, though the notice did not contain a description of the site to be purchased, if the voters knew what land was intended to be purchased.

5. SPECIFIC PERFORMANCE—PARTIES.—Relief will not be denied because a mortgagee of the vendor is not made a party, as his interests are not affected thereby.

Appeal from Lawrence Chancery Court; *George T. Humphreys,* Chancellor; affirmed.

STATEMENT OF FACTS.

This was a suit in equity by appellee against appellant for the specific performance of a contract to sell real estate, which is as follows:

"I hereby agree in case I get a deed from the Grand Lodge I. O. O. F. of the State of Arkansas, or the trustees of same for the east half northwest 24, 16 1 west, to sell to School District No. 48 of Lawrence County, Arkansas, four acres in the northwest corner of said tract to be laid off in a square at and for one hundred dollars per acre. This agreement to be conditioned on a

vote of said district to move the school building to said location, and this agreement not to be binding on me in any way unless I procure title to the said land.

"Signed in duplicate this 7th day of May, 1917.

"CHARLES JONES."

The directors of the school district posted three notices of the annual meeting at three conspicuous places within the district for fifteen days before the time it was to be held. The notice posted is as follows:

"ANNUAL SCHOOL MEETING.

"There will be an annual school meeting of the electors of School District No. 48, Lawrence County, at Arbor Grove, at 2 o'clock p. m., the third Saturday in May, 1917. At this meeting the following matters will be submitted to the consideration and action of the electors of said district: To vote for school tax, for county supervision, and for building site for school house, and elect one director for three years. Every elector is urged to be present."

The election was held by the directors pursuant to the notice, and twenty-one electors voted at the annual meeting. The directors stated to them the contract they had made about the purchase of the school site from Jones. Seventeen of the electors present voted to make the purchase, and four voted against it. The land of which the four acres comprised a part was sold to Jones by the Grand Lodge of the Independent Order of Odd Fellows, and a deed was executed by that order on the 2nd day of December, 1916. The deed was placed in a bank to be delivered to Jones when his attorney had approved the abstract of title and when he had paid the purchase money. After the voters of the school district had approved the purchase of the land at the annual school meeting the directors notified Jones of that fact, and said that they were ready to pay him the purchase money and receive a deed to the land for the school district. At this time Jones had been advised by his attorney that the title to the land was good and a deed had been executed to him therefor

which was to be delivered to him upon the payment of the purchase money. Jones refused to make a deed to the school district. Hence this lawsuit.

The chancellor was of the opinion that the contract was a valid and binding contract between the parties, and when accepted by the school district that it was entitled to specific performance. A decree was entered accordingly, and Jones has appealed.

*W. P. Smith,* for appellant.

The chancellor erred in overruling the demurrer and in holding that the instrument was sufficient to call for specific performance and that the directors had authority to sell to the voters, also in holding the notice sufficient. 7 L. R. A. (N. S.), 726; 9 Cyc. 325; 18 S. W. 572; Kirby's Digest, § 7629; 49 Ark. 94. Appellant had no title at the time the contract was made. 41 Ark. 232. The case should be reversed and dismissed.

*W. A. Cunningham,* for appellee.

1.   This contract is like the one in 80 Ark. 211 and appellant was bound. 35 Cyc. 52. It was too late for Jones to withdraw his offer after it was accepted by a vote to remove the schoolhouse. 47 Ark. 519; Clark on Contracts, 147; 39 Am. St. 287.

2.   The statute as to notice was complied with. 41 Ark. 232 has no application.

HART, J., (after stating the facts). It is claimed by counsel for the appellant that the memorandum signed by Jones is not sufficient to take the case out of the statute of frauds and that it is not enforceable. Our statute of frauds provides that no action shall be brought to charge any person upon any contract for the sale of lands or any interest in or concerning them unless the agreement, promise, or contract upon which such action shall be brought, or some memorandum or note thereof, be made in writing and signed by the party to be charged therewith. Kirby's Digest, section 3654.

It will be noted that the statute does not require that the contract itself shall be reduced to writing and signed

by the parties thereto.  It is sufficient if there be a memorandum of the contract signed by the party to be charged.  The great weight of authority is that the words, "the party to be charged," refer not to "the party to be charged" with the contract, but to "the party to be charged" in the action, that is, the defendant.  And the fact that the plaintiff has not signed the memorandum does not affect his right to maintain the action.  *Ullsperger* v. *Meyer* (Ill), 3 A. & E. Ann. Cas. 1032, and note at 1036.  See also *Flegel* v. *Dowling* (Ore.), 19 A. & E. Ann. Cas. 1159, and *Western Timber Co.* v. *Kalama River Lumber Co.* (Wash.), 7 A. & E, Ann. Cas. 667, 6 L. R. A. (N. S.) 397, and case note.  One of the reasons usually given for this exception is that by resorting to a suit for specific performance, the party who did not sign, adopts the agreement and renders it obligatory upon himself.  Our court has adopted the rule that a verbal acceptance of a written offer to sell land is sufficient to constitute a binding agreement on which to charge the person by whom the memorandum is signed. If the memorandum is otherwise sufficient when it is assented to by the purchaser, the contract is consummated by the meeting of the minds of the two parties, and the evidence to make it valid is supplied by the signature of the parties sought to be charged.  *Vance* v. *Newman,* 72 Ark. 359, and *Meyer* v. *Jenkins,* 80 Ark. 209.  The language of the writing in the present case shows that it was a contract for the sale of the land, and that it was intended to be mutually binding upon both parties.  It recites the fact that Jones had agreed to sell to the school district four acres of land at $100 per acre; that the agreement was conditioned on the vote of the district to move the school building to the location.  The school district voted to remove the school house to the location and the directors notified Jones of the district's acceptance of the contract.  This, under the authorities above cited, made it a valid and binding agreement between the parties, and the court below was right in so holding.

Again, it is objected that the notice of the annual school meeting was not given in conformity with section 7629 of Kirby's Digest. The objection is that the notice did not contain a description of the site to be purchased, nor from whom it was to be purchased, and that, therefore, the election was void. We do not think the objection is tenable. The notice plainly stated that a vote was to be taken for a building site for the school house. This was sufficient. It was also shown that the voters knew that the land was to be purchased from Jones.

Finally, objection is made to the action of the court because Jones had mortgaged the tract of land of which the four acres was a part. The mortgagee was not made a party to this suit, and his interests are not affected thereby. Hence there is nothing in this objection.

It follows that the decree will be affirmed.