## McCORKLE *v.* H. K. COCHRAN COMPANY.

### Opinion delivered May 31, 1920.

1. FRAUDS, STATUTE OF — PEREMPTORY INSTRUCTION — CONFLICTING EVIDENCE.—It was error to give a peremptory instruction for plaintiff in an action on a contract required to be in writing where there was a conflict in the evidence as to whether it was oral or in writing.

2. EVIDENCE—PAROL EVIDENCE OF CONTRACT.—Where a written contract for the sale of goods, required by the statute of frauds to be signed by the party to be charged, was not signed by the purchaser, no rule of evidence is violated by admission of oral testimony of an additional agreement not set forth in the writing.

3. FRAUDS, STATUTE OF—NECESSITY OF PLEADING.—The statute of frauds need not be pleaded where plaintiff declares on a written contract alleged to be signed by defendant, and defendant denies that he entered into a written contract.

Appeal from St. Francis Circuit Court; *J. M. Jackson,* Judge; reversed.

*W. J. Lanier,* for appellant.

The execution of the order was clearly an issue of fact for the jury, and it was error to direct a verdict. 70 Ark. 230; 61 *Id.* 442; 66 *Id.* 363; 63 *Id.* 74; 62 *Id.* 63. If there was no written contract, then it was an oral one and subject to explanations as to what was said, done and agreed upon between Owens and appellant at the time, and were questions exclusively for the jury, and it was palpable error to take the case from the jury. Cases *supra.*

*Mann & Mann,* for appellee.

The testimony sought to be introduced was clearly for the purpose of adding to the terms of the contract. The writing was clear and unambiguous and no fraud or

mistake is alleged. It was properly excluded. The statute of frauds was not pleaded. The execution of the contract was admitted by the parties, and there was no issue for a jury, and a verdict was properly instructed. 56 Ark. 263; 105 *Id.* 638.

McCulloch, C. J. Appellee, a domestic corporation, sued appellant in the court below to recover damages for breach of an alleged contract for the sale by appellee to appellant of a car load of oats, bran, chops and meal. It is alleged in the complaint that the contract was in writing, dated January 14, 1919, and specified that there was to be a delivery of the car load of stuff on January 31, 1919. Appellant denied in his answer that he had executed a written contract for the purchase of the commodity as set forth in the complaint. There was a trial of the issues before a jury, and the court directed the jury to return a verdict in favor of appellee, which was done, and judgment was rendered accordingly.

Appellee's agent, Mr. Ownes, testified that he made the sale to appellant at the latter's place of business at Wheatley, Arkansas, that appellant gave witness the order which witness reduced to writing and made a carbon copy thereof, and that appellant signed the original order and witness delivered to appellant the carbon copy to which he subscribed the name of appellee. The original order with appellant's name signed to it was exhibited to the jury by the witness and was introduced in evidence. Appellant testified as a witness in his own behalf and denied that he signed the written order. He testified that the order was verbal and that it was reduced to writing by Mr. Ownes as a memorandum of the sale and that a carbon copy was delivered to him, but that he did not sign either the original or the carbon copy. He offered to testify that it was agreed between him and Mr. Ownes as a part of the oral contract of sale that he should have the right to cancel the order at any time on or before the date of delivery, January 31, 1919, and that he directed appellee before the date of delivery to cancel the order.

The court excluded this testimony from the jury, and, as before stated, gave a peremptory instruction in favor of appellee. We are of the opinion that the court erred in excluding the offered testimony, as well as in giving the peremptory instruction.

The main issue in the case was whether or not the contract was oral or written, and there was a sharp conflict in the testimony on that issue. Appellant testified positively that he did not sign the written order. If that was true, the written memorandum signed by appellee alone did not constitute a written contract and was within the statute of frauds. *Lee* v. *Vaughan's Seed Store,* 101 Ark. 68. Appellant not having bound himself by writing, the contract rested in parol and no rule of evidence was violated by permitting oral testimony to be introduced establishing the additional agreement not set forth in the writing, to the effect that appellant should have the right to cancel the order before delivery.

The point is made by counsel for appellee that the statute of frauds was not pleaded, but the answer to that contention is that the denial in appellant's answer was as broad as the allegation in the complaint. Appellee declared upon a written contract signed by appellant and the latter denied that he entered into a written contract. It is unnecessary to plead the statute of frauds until appellee undertakes to recover upon an oral contract.

For the errors indicated, the judgment is reversed and the cause remanded for a new trial.