STOOKSBERRY *v.* PIGG.

Opinion delivered January 31, 1927.

1. FRAUDS, STATUTE OF—DEFENSE OF—INSTRUCTION.—In an action for damages for breach of a verbal contract for sale of land, an instruction that, if the alleged purchaser, under verbal agreement took possession of the land, the agreement became binding on him and that, on failure to comply with the terms thereof; he was liable for breach of contract, *held* erroneous.

2. FRAUDS, STATUTE OF—WHEN PLEADED.—In an action for breach of a contract for the sale of land, no part of the purchase price being paid, defendant's denial of execution of the contract was sufficient to let in the defense of the statute of frauds.

3. CONTRACTS—BURDEN OF PROOF.—Where pleadings present the issue of agreement or no agreement, the party relying upon the agreement must prove a valid one.

4. FRAUDS, STATUTE OF—BURDEN OF PROOF.—Where, in an action on a verbal agreement to sell land, defendant denied the existence such agreement, the burden of proving a valid agreement within the statute of frauds devolved on the plaintiff.

5. FRAUDS, STATUTE OF—SUFFICIENCY OF PART PERFORMANCE.—Where a contract for the sale of land was in parol, the mere fact that the defendant took possession of the land thereunder, without paying anything or making any valuable improvements, was insufficient to enable the vendor to maintain an action for damages for breach of the contract.

Appeal from Sebastian Circuit Court, Greenwood District; *John E. Tatum,* Judge; reversed.

STATEMENT OF FACTS.

This is an action at law by J. E. Pigg against A. S. Stooksberry to recover damages for the breach of an oral contract for the sale of land. According to the allegations of the complaint, in December, 1924, the plaintiff made a verbal contract with the defendant to sell him a certain tract of land for the sum of $1,500. The complaint further alleges that, in part performance of said contract, the plaintiff delivered possession of said land to the defendant and that the defendant, after remaining in possession of the land for a short time under the contract of purchase, moved away from the land, and refused to carry out the contract.

The defendant filed a demurrer and answer to the complaint. The answer denies that the oral contract for the sale of the land by the plaintiff to the defendant was made, and denies that the defendant took possession of the land under said contract.

J. E. Pigg was a witness for himself. According to his testimony, he is the owner of the land described in the complaint, and, in December, 1924, made an oral contract with the defendant, A. S. Stooksberry, to sell him said land for $1,500. Pigg lived on the land, and moved away after the contract was made, in order that Stooksberry might take possession of the land. Stooksberry moved on the land and stayed a short time, and then moved away. Pigg tendered him a deed, and Stooksberry refused to accept it or to pay the purchase price of the land.

A. S. Stooksberry was a witness for himself. According to his testimony, he did not make any kind of an agreement, verbal or otherwise, to purchase the land in question from Pigg. He only made a verbal agreement with Pigg to purchase the land in case he sold some land owned by himself to the Standard Oil Company. He moved on the land on the 6th day of January, 1925, and stayed there fourteen days. It was distinctly understood between the parties that, unless Stooksberry sold his land to the Standard Oil Company, he could not purchase the land of Pigg. The Standard Oil Company did not purchase Stooksberry's land, and he refused to consider any further his contemplated purchase from Pigg.

Under the instructions of the court the jury returned a verdict for the plaintiff in the sum of $200, and, from the judgment rendered, the defendant has duly prosecuted an appeal to this court.

*Robert A. Rowe,* for appellant.

*George W. Johnson,* for appellee.

HART, J., (after stating the facts). Under the instructions of the court, to the effect that, if the jury should find that the plaintiff and the defendant entered into an oral agreement for the sale of the land described in the complaint, and the defendant took possession

of the land under said oral agreement, the agreement became binding upon the defendant; and, if he failed to comply with the terms of the oral agreement, he was liable to plaintiff for damages for breach of the contract. This instruction was erroneous.

This was an action to recover damages for the breach of an oral contract for the sale of land. No part of the purchase price was paid, but, under the allegations of the complaint, the defendant was in possession of the land under the oral contract. The defendant denied making the contract. Under our system of pleading, this was sufficient to let in the defense of the statute of frauds. Where the pleadings present the issue of an agreement or no agreement, the party relying upon the agreement must prove a valid one. If the defendant had admitted that a verbal agreement for the sale of the land had been made as alleged by the plaintiff, then he must have specifically pleaded the statute of frauds in order to rely upon it. Having denied the oral agreement for the purchase and sale of the land as alleged in the complaint, the statute of frauds became a question of fact at the trial, and it devolved upon the plaintiff to prove a valid agreement in order to recover. *Cook* v. *Cave,* 163 Ark. 407, 260 S. W. 49; and *O'Bryan* v. *Zuber,* 168 Ark. 613, 271 S. W. 347.

Among other things, § 4862 of Crawford & Moses' Digest provides that no action shall be brought to charge any person upon any contract for the sale of lands or to charge any person upon any lease of lands for a longer term than one year.

In *Phillips* v. *Grubbs,* 112 Ark. 562, 167 S. W. 101, the court held that a contract of lease for a period of five years is taken out of the statute of frauds when the lessee complies with its terms by paying rent for two years and making valuable improvements on the land. The court said that this holding is true of an oral agreement to sell lands, and that the same principle controls a contract for the lease of lands.

In *Storthz* v. *Watts,* 117 Ark. 500, 175 S. W. 486, which was an action at law, the court said that, in order

to take an oral contract for the lease of lands out of the statute of frauds, there must be substantial expenditures in the way of performance of the contract over and above the mere occupancy of the land and payment of rent for the period actually occupied. In discussing the question, the court said: "The only item of repairs specified is a trifling amount expended on the fence, which is too insignificant to be treated as a substantial performance of the contract. There is nothing more in the testimony, in the way of part performance, than occupancy for the first year and payment of the rent for that year, which is not sufficient to take the case out of the operation of the statute. There must be substantial expenditures in the way of performance of the contract over and above the mere occupancy and payment for the period actually occupied. There is a difference between substantial part performance of a contract, which takes it out of the operation of the statute, and partial execution, which does not have that effect. *Henry & Bro.* v. *Wells,* 48 Ark. 485." To the same effect is *Newton* v. *Watkins,* 140 Ark. 252, 215 S. W. 615.

In *Beattie* v. *Smith,* 146 Ark. 532, 226 S. W. 128, the court held that, where the vendor of standing timber received payment and the purchaser entered into possession, this took the contract out of the statute of frauds, though it was oral. This was an action for the breach of an oral contract for the sale of timber.

In *Carnahan* v. *Terrall Bros.,* 137 Ark. 407, 209 S. W. 64, the court held that a contract for the sale of standing timber is within the statute of frauds, and that the doctrine of part performance applicable to oral contracts for the sale of land applies to such contracts.

In *Dunn* v. *Turner Hardware Co.,* 166 Ark. 520, 266 S. W. 954, it was held that mere occupancy of land and payment of the rent for the period occupied were not sufficient to take the case out of the operation of the statute of frauds. There the court had under consideration an oral lease for five years.

Under these authorities, an action for damages for the breach of the contract sued on cannot be maintained. As we have already seen, the contract for the sale of the land was an oral one, and no part of the purchase money was paid, and no valuable improvements were made under the contract. The only reliance of the plaintiff as a basis for his action is that the defendant took possession of the land under the oral contract; and, as we have just seen, this was not sufficient to entitle him to maintain an action at law for damages for breach of the contract.

It follows that the judgment must be reversed; and, inasmuch as the cause of action seems to have been fully developed, the complaint of the plaintiff will be dismissed here.