### ALLEN *v.* BANK OF EUREKA SPRINGS.

Opinion delivered April 1, 1929.

*Festus O. Butt,* for appellant.

*Claude A. Fuller,* for appellee.

McHANEY, J. Appellee brought this action against appellant, in the chancery court, on two promissory notes for $500 each, executed and delivered to it by the National Revolving Sign Company, a corporation, acting through its president and secretary; one dated February 9, 1927, due six months after date, with interest at 10 per cent. from date, and the other dated May 28, 1927, due ninety days after date, with interest at 10 per cent. from date. The last-mentioned note was indorsed by the president and secretary. The basis of the action against appellant is that he and his brother, Samuel Allen, as partners,

were the owners of $78,000 of stock in the sign company, and that the president and secretary thereof were authorized to borrow this money from the bank on the express agreement of the stockholders to be responsible for the money thus borrowed, in proportion to the amount of stock held by them, and that appellant, being a partner with his brother in the ownership of the 78 per cent. of the stock, was liable to the bank for 78 per cent. of the amount of the notes, it being alleged that the sign company was insolvent.

The July term of the chancery court convened on July 17, and adjourned on that day to November 8. This suit was filed on August 24. Summons was had upon appellant, and the case stood for trial on November 8. Appellant made no answer or defense to the action, because, as alleged in the motion for a new trial, he was acting under the mistaken belief that the court would convene on the 18th of November, instead of the 8th. Only one witness testified in the case, the substance of which is that the loan was made by the bank, not on the strength of the credit of the corporation itself, but by reason of the alleged agreement of the stockholders, as alleged in the complaint, to stand responsible for the notes in proportion to the amount of stock held by them, and that the money so borrowed was used by the corporation by way of organization and other expenses incident thereto, and about $500 thereof was spent in field-work in an effort to obtain business. The court entered a decree against appellant for the amount sued for, hence this appeal.

The National Revolving Sign Company was not made a party to the action, although it executed the notes through its officers, and is the only party to the instruments, as disclosed by the notes themselves, except the one that was indorsed by the president and secretary. Appellant was not an indorser of the note in writing, and there is no allegation or proof that he executed a separate instrument guaranteeing the payment of said notes. The

complaint alleges an agreement of appellant to pay a part of the debt of the corporation, which is within the statute of frauds. Since the complaint does not allege whether the agreement was oral or written, the presumption is indulged against the pleader that it was in writing, and in such a case profert thereof must be made, else no cause of action is established. In other words, where a pleading does not allege that a contract sued upon is in writing, and it is such a contract as is required to be in writing, under the statute of frauds, to bind the defendant, it is presumed to be in writing, and failure to make profert defeats the cause of action. *Duncan* v. *Clements,* 17 Ark. 279; *McDermott* v. *Cable,* 23 Ark. 200; *Hurlburt* v. *Wheeler & Wilson Mfg. Co.,* 38 Ark. 594; *Gale* v. *Harp,* 64 Ark. 462, 43 S. W. 144; and *Euper* v. *State,* 85 Ark. 223, 107 S. W. 179.

In the McDermott case, *supra,* the court used this language:

"The contract set up in the plea is not alleged to be in parol; and, being such as, by the statute of frauds, is required to be in writing, the presumption is that it is so; and, being in writing, it should have been pleaded with profert, under the provisions of our statute, in order that the court, in the exercise of its appropriate function —the construction of a written contract—might determine whether the contract furnished the defense claimed under it."

Therefore, no profert of the written instrument having been made, appellee's cause of action fails. Moreover, the real basis of appellee's action was the two promissory notes. They were exhibited with the complaint, and the effect of the complaint is a suit upon written instruments, with an attempt to ingraft thereon a parol agreement to hold appellant liable, although not a party to the instrument. This would be in violation of one of the fundamental rules of evidence against the varying of the terms of a written instrument by parol testimony.

Therefore the judgment must be reversed, and the cause of action dismissed.